In re IRVIN.

(Circuit Court of Appeals, Eighth Circuit.   February 2, 1903.)

No. 28.

1. BANKRUPTCY—HOMESTEAD—BUSINESS BLOCK—OCCUPATION AS RESIDENCE.
   A bankrupt, six days before his failure, and in contemplation of bankruptcy, moved his family from a rented house formerly occupied by them into a room in his store building, formerly rented as a billiard hall. The building was primarily intended for business purposes, and not for a home, and there had been no previous attempt to make it a homestead. *Held*, that the building was a homestead under Ark. Const. art. 9, §§ 3, 5, providing for a homestead owned and occupied as a residence and selected by the owner, and for its exemption from execution.

Petition for Revision of Proceedings of the District Court of the United States for the Western Division of the Eastern District of Arkansas, in Bankruptcy.

For opinion below, see 116 Fed. 35.

J. M. Moore and W. B. Smith, for petitioner.

J. G. Wallace, for bankrupt.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.   This is a petition to review a decree of the District Court adjudging that the property in question was the homestead of the bankrupt.   On review of the decision of the referee, the bankrupt court found the facts to be as follows:

"The facts necessary for the determination of the issues involved, as found and certified by the referee, are as follows:

"The bankrupt claims as exempt as his homestead lots 6, 7, 8, 9, and 10 in block 14, in the town of Casa, Ark.   The lots are in the business part of the town, and there is on them a wooden building 44 feet wide and 100 feet long, and in the southeast corner of the building a room 20 by 50 feet, both buildings under one roof, and divided by a frame partition.   Entrance to this room was from the store and also from the street.   The entire building was erected by the bankrupt in 1901, and the large room was used by him exclusively as a storehouse, and the smaller room rented out by him, and was used at one time as a billiard hall, and, up to the time he moved in, as a restaurant.   On December 14th, six days before his failure, and in contemplation of bankruptcy, he moved his family, which up to that time had resided in a rented dwelling house in another part of the town, into the smaller room, making it the home of his family, which consists of himself, wife, and six children. Until he moved into this room there was no effort to impress this property with the homestead character, though when built the bankrupt stated that he intended the buildings for a store and a home to live in.   At the time the debts due from the bankrupt were contracted, no part of the premises was used as his homestead, and, from the character and arrangements of the building until he moved into it, the referee finds the buildings were primarily intended for business purposes, to the exclusion of a home for the family, and that the bankrupt had no other homestead."

The Constitution of the state of Arkansas contains the following provisions on the subject of homesteads:

"The homestead of any resident of this state who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, ad-

ministrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity."

"The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land without regard to value." Article 9, §§ 3, 5.

Under these provisions of the Constitution it is well settled that an insolvent debtor may acquire a homestead that will be free from the claims of his creditors, both prior and subsequent. It has been distinctly held that the acquisition of a homestead by an insolvent debtor is not a fraud upon his creditors. Backer v. Myer (C. C.) 43 Fed. 702; First National Bank v. Glass, 25 C. C. A. 151, 79 Fed. 706; Huenergardt v. Brittain Dry Goods Co. (C. C. A.) 116 Fed. 31. And it is not material when the debtor occupies the premises as a homestead, provided they are so occupied before creditors acquire a lien thereon by attachment or other judicial proceedings. This rule is applicable to a trustee in bankruptcy, and, as the bankrupt was occupying the premises as a homestead some time before he was adjudged a bankrupt, they constitute no part of his estate in bankruptcy, and the trustee has no right to the same. In a town or village the Constitution gives a debtor the right to have and hold a homestead "not exceeding one acre of land with the improvements thereon." The debtor is not required to occupy and use as a dwelling all "the improvements" on the lot, for that would make it obligatory on him to occupy his barn and other outhouses for living purposes; and no more is he required to occupy every room in his dwelling for domestic purposes. He may devote a part of his dwelling to business purposes. Our ancestors very generally carried on their business pursuits in their dwelling houses. And the Supreme Court of Arkansas holds that a storehouse entirely separate from the residence on the homestead, and not used as an appurtenance and convenience thereto, is a part of the homestead so long as the homestead does not exceed the constitutional limit of area and value. Klenk v. Knoble, 37 Ark. 298; Gainus v. Cannon, 42 Ark. 503; Berry v. Meir (Ark.) 66 S. W. Rep. 439. In Gaines v. Cannon, supra, the court said: "It is a strange and irrational idea, sometimes advanced, that a man ought to lose his homestead as soon as he attempts to make any part of it helpful in family expenses." There are decisions in other states to the same effect, but, as we are only concerned in knowing and applying the law of Arkansas to the case in hand, it is not necessary to cite them. The premises in question having been impressed with the character of a homestead before the debtor was adjudged a bankrupt, his trustee in bankruptcy cannot rightfully claim the same as part of the bankrupt's estate.

The decree of the District Court is approved and confirmed.