### LACY v. CHANDLER.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1913. Rehearing Denied Jan. 10, 1914.)

BANKRUPTCY (§ 163*) — VOIDABLE PREFERENCES.

While under Bankr. Act July 1, 1898, c. 541, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424) § 6, providing that bankrupts shall be entitled to exemptions allowed by the state, a bankrupt has the legal right to sell nonexempt property for cash and apply the proceeds in liquidating an incumbrance outstanding against his homestead, a transfer by a bankrupt of nonexempt property upon the eve of bankruptcy, in consideration of his grantee assuming and agreeing to pay an incumbrance upon the bankrupt's homestead, is voidable as a preference, where the substitution of debtors is not assented to by the owner of the incumbrance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248; Dec. Dig. § 163.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Hoyt Lacy, as trustee, against Emmett Chandler. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

B. A. Cox, of Abilene, for appellant. Scarborough & Hickman, of Abilene, for appellee.

DUNKLIN, J. Jesse Mercer Chandler having been adjudged a bankrupt upon his voluntary petition in the United States Dis-

trict Court, Hoyt Lacy was appointed trustee, and thereafter the trustee instituted this suit against Emmett Chandler, son of the bankrupt, to subject to the payment of the bankrupt's debts 320 acres of land, which the bankrupt had conveyed to the defendant two days prior to the filing of the petition in bankruptcy, and which plaintiff alleged was transferred with the intent upon the part of the bankrupt, which intent was known to the defendant, of defrauding his creditors, and therefore void. The case was tried before the court without the aid of a jury upon an agreed statement of facts, which facts were embraced in the trial judge's findings of fact, and upon such facts a judgment was rendered in favor of the defendant. From that judgment plaintiff had appealed.

The findings of fact and conclusions of law filed by the trial judge are as follows:

## "Findings of Fact.

"The court adopts the agreed statement of facts herein as the court's findings of fact, which are as follows, to wit:

"(1) That Jesse Mercer Chandler was on February 6, 1913, and prior thereto, insolvent and a bankrupt, and was duly adjudged a bankrupt on February 8, 1913, before Hon. K. K. Legett, referee in bankruptcy for the United States District Court, Northern District of Texas, Abilene Division, at Abilene, Tex., in cause No. 340 upon the docket of said court on his voluntary petition, and that the scheduled assets of said Jesse Mercer Chandler, the bankrupt, are not sufficient to pay the provable debts due his creditors.

"(2) That the plaintiff, Hoyt Lacy, was at the first meeting of creditors of said bankrupt, regularly held on February 21, 1913, duly elected as trustee in bankruptcy in said cause No. 340, and thereafter and before this suit was filed duly qualified as such trustee and is now the duly qualified and acting trustee in bankruptcy in said bankrupt estate in cause No. 340.

"(3) That on February 6, 1913, said Jesse Mercer Chandler, the bankrupt, was the owner of the south half of section No. 15, in block No. 6, S. P. Ry. Co. survey of land in Taylor and Callahan counties, Tex., containing 320 acres, as described in plaintiff's petition, and that said land was not the homestead of said bankrupt and for no reason exempt to him under the exemption laws of the state of Texas.

"(4) That said land described in subdivision 3 above, and the land in controversy in this suit, was not included in the schedules of assets belonging to said Jesse Mercer Chandler, as filed by him in said bankruptcy matter in said cause No. 340, February 8, 1913, and was not included under the head of recently conveyed property and in no way referred to by said bankrupt in his said schedules of assets or liabilities filed by him in said bankrupt matter.

"(5) That on February 6, 1913, and within two days of filing his petition in bankruptcy in said cause, the bankrupt, Jesse Mercer Chandler, made a deed in writing conveying said 320 acres of land, described in plaintiff's original petition, to his son Emmett Chandler, defendant herein, and that said deed is of record in Deed Records of Taylor county, Tex.

"(6) That the only consideration for the execution of said deed and the conveyance of said land by Jesse Mercer Chandler, bankrupt, to his son, Emmett Chandler, defendant herein, was the assumption in said deed by defendant, Emmett Chandler, of the payment of $1,080, as it was claimed to exist on December 1, 1912, on the homestead of the bankrupt situated in College Heights addition to the city of Abilene, in Taylor county, Tex., and $600 due against said land, held by Henry James.

"(7) That the said deed of conveyance from the bankrupt to his son, the defendant herein, was made with full knowledge of the facts of the bankrupt and insolvent condition of Jesse Mercer Chandler at the time on the part of his son, Emmett Chandler, defendant herein, and the defendant, Emmett Chandler, accepted said deed to said land with full knowledge of the bankrupt and insolvent condition of his father, Jesse Mercer Chandler, the bankrupt; they both having talked over the matter, and before said deed was so made and accepted. The defendant, Emmett Chandler, knew at the time the deed was made to him that his father, Jesse Mercer Chandler, contemplated going into bankruptcy.

"(8) That the said Emmett Chandler is now in possession of said land and claiming the title and possession of the same solely by virtue of the said deed of conveyance from his father, Jesse Mercer Chandler, the said bankrupt.

"(9) That about two or three days prior to February 6, 1913, the date of the deed from Jesse Mercer Chandler to his son, the defendant, Emmett Chandler, conveying said land, the said Jesse Mercer Chandler, the bankrupt, who was at that time insolvent and bankrupt, paid $500 of his own money on the alleged $1,080 debt due upon his said homestead, which said $1,080 was thereafter assumed by the defendant, Emmett Chandler, as part consideration for the 320 acres of land in controversy in this suit, and that at the time the deed was made by Jesse Mercer Chandler, the bankrupt, and accepted by the defendant, Emmett Chandler, the defendant herein Emmett Chandler conveyed the 320 acres to his son Emmett Chandler; there was only owing of said alleged debt $1,080, as assumed on said homestead, $580, and not $1,080, as claimed in said deed.

"(10) That the plaintiff herein has been duly ordered by said referee in bankruptcy, in said cause No. 340, to bring this suit for

the recovery of the land in controversy in this suit.

"(11) The 320 acres of land is of the value in cash of $580 above the amount due Henry James.

"(12) That on February 6th, and for many months prior thereto, Jesse Mercer Chandler was the owner in fee simple of lots 3, 4, 5, and 6, in block 25, College Heights addition to the city of Abilene, in Taylor county, Tex., and that said property was used and occupied by himself, wife, and children as a homestead; that the $600 assumed by the plaintiff on the land in controversy was a valid obligation to Henry James, and both of said obligations are still valid and subsisting; that the $580 assumed by the defendant, Emmett Chandler, was a valid obligation against the homestead of Jesse Mercer Chandler, as above described (that is $600 to Henry James and $580 on said homestead).

"Conclusions of Law.

"The court concludes as a matter of law that the sale made of said property was not in fraud of the rights of the creditors, and that the same should be upheld, and that the plaintiff should take nothing by this suit."

We are of the opinion that, upon the facts so found, a judgment should have been rendered in favor of the plaintiff, subject only to the outstanding lien thereon in favor of Henry James for $600, the validity of which is not questioned by appellant.

It cannot be doubted that the necessary effect of the sale by the bankrupt to his son was to place his equity in the land beyond the reach of his creditors; that such was his purpose in making the conveyance; and that his purpose in so doing was known to the defendant. Elser v. Graber, 69 Tex. 222, 6 S. W. 560. At the time of the transaction with his son, the bankrupt unquestionably had the legal right to sell the land for cash and to apply the proceeds in liquidation of the incumbrance outstanding against his homestead, even though the grantor in the conveyance was at the time a bankrupt and made the conveyance for the purpose of placing the proceeds beyond the reach of his creditors. Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742. Perhaps, upon principle, the same legal effect could have been given to the conveyance in question if, prior to the institution of the bankruptcy proceedings, defendant's obligation to the bankrupt to pay $580 had been accepted by the holder of the incumbrance against the homestead in full satisfaction of that lien. Property exempt as a homestead under the laws of the state in which the bankrupt has his domicile is expressly recognized as exempt in bankruptcy proceedings, and the acquisition of a homestead by an insolvent debtor is not a fraud upon his creditors. Section 6 of the Bankruptcy Act, Fed. Stat. Anno.

vol. 1, p. 552 (U. S. Comp. St. 1901, p. 3424); In re Irvin, 120 Fed. 733, 57 C. C. A. 147. It appears, however, that the attempted sale by the bankrupt to his son was not for cash, but entirely on a credit. Defendant's obligation to pay $580 to the holder of incumbrance against the bankrupt's homestead was a contract made with the bankrupt alone, and there is no evidence tending to show that this obligation had even been accepted by the holder of that incumbrance. We know of no law in our state which exempts that obligation from the payment of the bankrupt's debts. If, in lieu of the obligation, the defendant had paid the bankrupt $580 in money, with the understanding that the same should be applied in liquidation of the homestead incumbrance, the money, while in the hands of the bankrupt and before it had been paid to and accepted by the holder of the incumbrance, would have been subject to the payment of the bankrupt's debts.

Accordingly the trial court's findings of fact are adopted, and upon those facts the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant for the land in controversy, subject only to the lien mentioned above in favor of Henry James.