EDWARD L. GIDDINGS & another *vs.* RICHARD W. SEARS & others.

Suffolk. March 20, 23. — September 5, 1874. AMES & DEVENS, JJ., absent.

A conveyance made by an insolvent debtor of all his property to one creditor, for the sole purpose of securing that creditor's debt, is not a fraud at common law, although both the debtor and the creditor knew at the time of making the preference that the effect of it would be to deprive other creditors of the power of reaching the debtor's property by legal process.

BILL IN EQUITY, under the Gen. Sts. c. 113, § 2, cl. 11, by the members of the firm of Giddings & Torrey, creditors of the first named defendant, against Richard W. Sears, Eben Sears and Adelaide L. Sears, to set aside certain conveyances of the property of Richard to Eben, which was afterwards conveyed by Eben to Adelaide. The prayer of the bill was that the conveyances might be declared void, and that the property might be applied to the payment of the debt of Richard to the plaintiffs.

The case was reserved by *Endicott*, J., for the consideration of the full court, upon the bill, answers and a report of a master. The reservation stated that " no question is raised upon the master's report, the facts found therein being agreed to by both parties." The material facts appear in the opinion of the court.

*F. A. Brooks & F. Morison*, for the plaintiffs.

*J. A. Loring*, for the defendants.

ENDICOTT, J. The only question presented for decision upon the facts found by the master is whether the conveyance to Eben Sears by his brother Richard was merely a preference at common law, and made for the sole purpose of securing the debt to Eben, or for the purpose, and with the intent of hindering, delaying and defrauding the other creditors of Richard, in which both grantor and grantee participated.

It appears by the master's report, that when the conveyance was made the liabilities of the firm of E. & R. W. Sears were about $92,000. The assets of the firm consisted of certain property amounting to about $33,000, and the individual indebtedness of the two partners ; Eben owing the firm about $28,000, and Richard about $30,000. Richard was insolvent, and unable to pay any of this debt, and was also largely indebted on his private account. The firm, so far as partnership assets were concerned, was also insolvent. Eben was not insolvent, but had sufficient assets to meet all his liabilities, and did in fact, before the hearing was concluded, pay all the debts of the firm ; though how available those assets were when the deed was given did not appear. On March 13, therefore, Richard was indebted to the firm, and Eben was liable by reason of the insolvency of Richard, in a much larger sum on his account than the consideration of the deed.

Upon the state of facts then existing, and well known to both brothers, the master finds that Eben required the deed to be given, and that Richard made it for the protection and security of Eben, both being apprehensive that the estate conveyed would be attached by the plaintiffs ; that no money passed between them; that the deed was absolute, without any agreement or promise to reconvey or to hold in trust ; that all the evidence was consistent with the purpose that the conveyance was made solely for the security and protection of Eben, and that it failed to satisfy him that it was made for any other purpose or consideration whatever. This statement includes all the findings of the master material to this inquiry ; the advances of Eben, as administrator of the Crease estate, to the firm, being included in the estimates of the liabilities of the firm.

The plaintiffs contend that the deed should be set aside as in fraud of creditors. But the important and decisive fact in this case is that the master does not find fraud, or a fraudulent intent to defeat other creditors, but does find that the only purpose of the conveyance was to secure and protect his brother, to whom he was largely indebted. The circumstances under which this was done, the relations of the parties, their method of conducting their business, and many facts stated by the master, are calculated to excite grave suspicions ; but the master, upon all the evidence, and hearing the testimony of all parties, finds no fraud, but only a preference in favor of a particular creditor, and a preference is no fraud at common law.

In *Banfield* v. *Whipple*, 14 Allen, 13, Bigelow, C. J., says : "If a debtor is unable to pay all his debts, he commits no fraud (in the absence of any statute provision regulating the distribution of insolvent estates) by appropriating his property to the satisfaction of one or more of his creditors to the exclusion of all others. Nor does it make any difference that both creditor and debtor know that the effect of such appropriation will be to deprive other creditors of the power of reaching the debtor's property by legal process in satisfaction of their claims. If there is no secret trust agreed upon or understood between debtor and creditor in favor of the former, but the sole object of a transfer of property is to pay or secure the payment of a debt, the transaction is a valid one at common law. The distinction is

between a transfer of property made solely by way of preference of one creditor over others, which is legal, and a similar transfer made with a design to secure some benefit or advantage therefrom to the debtor, which is fraudulent and illegal." See *Foster* v. *Hall*, 12 Pick. 89 ; *Lupton* v. *Cutter*, 8 Pick. 298 ; *Johnson* v. *Whitwell*, 7 Pick. 71 ; *Green* v. *Tanner*, 8 Met. 411 ; Bump on Fraudulent Conveyances, 213, 226. The right of a debtor to give a preference springs from his ownership and having dominion over his property ; and if he acts in good faith, pays an honest debt, and reserves no advantage to himself, the payment is valid. The right of a creditor to secure himself, to obtain payment of a just debt by activity and vigilance, is not affected by the debtor's insolvency, or his knowledge of it, or the fact that by securing himself he defeats another. He is not bound to protect other creditors ; if he merely obtains what is due him, there cannot be said to be fraud in the transaction.

The master's finding we think conclusive upon this point ; the deed is therefore valid, and the plaintiffs cannot maintain their bill. No objection having been taken by the defendants to the jurisdiction in equity, we have not thought it necessary to consider that question, the case having been fully heard by the master on its merits.                    *Bill dismissed, with costs.*