JOHN H. FERGUSON *et al. vs.* JULIA A. SPEAR.

York, 1875.—March 5, 1876.

*Husband and wife. Trial.*

The law will not imply a promise on the part of a married woman to pay for materials bought by her husband and used in the erection of buildings upon her land from the mere fact of the contemporaneous knowledge of such purchase and of the use to which the materials were put.

It was a question for the jury whether the husband was or was not acting as the agent of the wife in making such purchase and whether he had authority to purchase upon her credit; and their finding that the contract was not hers but his, is not so manifestly against the evidence as to justify the law court in setting it aside.

When the husband is justly indebted to the wife he may without fraud prefer her to his other creditors and may make a valid appropriation of his property to pay her claim even though he is thereby deprived of the means to pay other debts.

ON MOTION to have the verdict set aside as against law and evidence.

ASSUMPSIT on account annexed of $250 for materials and labor furnished in the building of a house on the defendant's land in Kennebunk in 1872, claiming a lien.

It was admitted that the items were furnished by the plaintiffs and that the prices were reasonable. The defense was that they were furnished on the credit and promise of the defendant's husband. The plaintiffs admitted that the husband was originally debited with the items, but claimed that in fact he was acting for

her as her agent. There was evidence tending to show that the husband was owing his wife to the amount of the items sued for and that they were allowed by the wife in payment of his indebtness to her. The verdict was for the defendant which the plaintiffs moved to have set aside as against law and evidence.

The facts and the positions of counsel appear more fully in the opinion.

*E. E. Bourne,* for the plaintiffs.

*E. B. Smith,* for the defendant.

BARROWS, J. The plaintiffs sold and charged to the husband the building materials for the price of which they here sue the wife, claiming a lien upon a certain house and barn and the lot on which they stand, belonging to her, upon the ground that the materials were furnished by virtue of a contract with her and were used in the erection of the buildings.

The case comes before us upon a motion to set aside the verdict for the defendant as against law and evidence.

The plaintiffs insist that the buildings, being erected upon and attached to the wife's land, became her property as they were erected, and that the husband in purchasing materials for their erection must be regarded as her agent, that a promise from her to pay the plaintiffs is implied from the fact that she knew her husband was getting materials from them, that she ratified the purchase of the materials by mortgaging the land and buildings to the savings bank, professedly to get money to pay the bills which accrued in building, that having sold the materials in the belief that the husband was the principal and since discovered that he was merely the agent of the wife, they may recover against her as the undisclosed principal notwithstanding they at first debited the husband.

The plaintiffs had no communication whatever with the wife until after they had presented their bill to the husband and failed to get payment. The foundation of their claim is the allegation that the husband was in fact the agent of the wife in making the purchase.

This the defendant and her husband both denied, and the

defendant produced evidence tending to show that the husband made the contracts for the work and materials that went into the buildings on his own account, made payments on account of them out of his own money, and a verbal transfer and release of all his interest in the buildings to her upon her surrendering claims which she held against him for money of her own which she had lent him for various purposes.

It is with the legal and not the moral aspect of the case that we have to deal. We are unable to say that the finding of the jury that the wife made no such contract as the plaintiffs alleged, and that the husband was acting not for her but for himself in his purchase from the plaintiffs, is wrong as matter of law, or so manifestly against the weight of the evidence as to justify us in setting it aside.

Whatever we might suspect as to the intentions of the husband and the expectations of the wife, it cannot be said to be conclusively proved that they conspired together to defraud the plaintiffs, or that the wife gave the husband any authority to contract debts on her account in order to put up the buildings on her land.

And this was what the plaintiffs alleged and undertook to prove. If the jury believed the defendant's testimony (and the question of its credibility was for them) it was competent for them to say as they have done by their verdict that the husband purchased in fact, as well as in appearance, upon his own account. If so, the plaintiffs' suit could not be maintained although the property came ultimately into the hands of the wife. No promise from her to the plaintiffs would be implied.

It seems to have been both conceded and proved that the wife had money of her own which had gone into the hands of the husband. He had the legal right to prefer her to his other creditors and to appropriate his property to pay her claim, and such preference is not necessarily and of itself a fraud at common law, though both debtor and creditor knew at the time that the effect of such appropriation would be payment and satisfaction of her demand to the exclusion of all others to whom he was justly indebted. *Motley* v. *Sawyer*, 38 Maine, 68. *French* v. *Motley*, 63 Maine, 326. *Giddings* v. *Sears*, 115 Mass., 505.

Nor would the buildings erected by the husband upon the land of the wife with her knowledge and consent necessarily become hers because attached to her land. If, under existing laws respecting the rights of married women to hold, manage and dispose of property, too great facilities for fraudulent connivance between husband and wife respecting contracts of this kind are afforded, it may be that the legislature can furnish a remedy by providing a more stringent lien in such cases.

At present the remedy must be found in the greater vigilance of material men as to the responsibility of the parties with whom they contract.

The jury have said that this contract was made with the husband and not with the wife, and the plaintiffs must abide the result. *Motion overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.