ALICE B. DAVIS v. ALBERT C. COBB.[1]

August 7, 1900.

Nos. 12,047—(222).

**Insolvency—Promissory Note of Firm.**

A partnership indebted to a third person before assignment in insolvency gave a note in payment of a partnership debt, which was signed by one of the members of the firm, who was also insolvent, but had made no assignment. Such indorsement was given in contemplation of insolvency, but without actual fraud or connivance between the parties. *Held*:

**Preference.**

1. That there was no preference in the benefit which the partnership creditor obtained, so far as the firm was concerned.

**Indorsement by Partner.**

2. That the indorsement of the individual member in the regular course of business, before assignment, was not an actual fraud at common law.

**Unlawful Preference—G. S. 1894, § 4243.**

3. That the indorsement of the note was not a conveyance and payment from the partnership or private funds of the individual member or a security given, which, under G. S. 1894, § 4243, constituted an unlawful preference.

Appeal by Albert C. Cobb, as assignee of the estate of A. F. Kelley, insolvent, from a judgment of the district court for Hennepin county, allowing the claim of Alice B. Davis for $4,960.75 and inter-

1 Reported in 83 N. W. 505.

est against said estate, entered pursuant to the findings of Elliott, J. Affirmed.

*Cobb & Wheelwright,* for appellant.

In bankruptcy or insolvency proceedings partnership creditors have a primary and exclusive claim on partnership assets, and individual creditors have a similar claim on individual assets. Hawkins v. Mahoney, 71 Minn. 155; 3 Kent, Com. 65. If a firm and all its members are insolvent, it is not lawful for one member, in contemplation of insolvency, to divert firm property to payment of an individual debt due a creditor to whom the insolvency is patent, even though all the partners consent. Such transfer will be considered as made with intent to hinder, delay, and defraud creditors. Arnold v. Hagerman, 45 N. J. Eq. 186; Wilson v. Robertson, 21 N. Y. 587; Bulger v. Rosa, 119 N. Y. 459; Jackson v. Durfey, 72 Miss. 971; Darby v. Gilligan, 33 W. Va. 246; Pease, Chalfant & Co. v. Rush, 2 Minn. 89 (107). An individual creditor who accepts firm assets or a firm obligation in payment of his debts, with knowledge, or in contemplation of insolvency, receives an unlawful preference contrary to the insolvency act. Phillips v. Ames, 5 Allen, 183. An insolvent partner in an insolvent firm cannot pay or secure a firm debt out of his private property. Strictly an insolvent has no property, and therefore has no natural right to dispose of his property without the consent of his creditors. Jackson v. Durfey, supra. When respondent, knowing the insolvency of all the parties, secured A. F. Kelley's note in payment of a past-due firm debt, she perpetrated an actual fraud on his individual creditors; and Kelley's act in giving her the note should be treated as done with intent to hinder and delay his private creditors. See Jackson v. Cornell, 1 Sanf. Ch. 348. Though there was no actual fraud, by securing the note she obtained a preference over private and firm creditors. Miller v. Keys, 3 N. B. R. 224; Jackson v. Cornell, supra; In re Parker & Morris, 6 Saw. 248. All conditions necessary to constitute a preference were found, except intent. Under the facts intent must be presumed. Hastings Malting Co. v. Heller, 47 Minn. 71; Thompson v. Johnson, 55 Minn. 515; In matter of Stevens, 38 Minn. 432; In matter of

Howes, 38 Minn. 403; Toof v. Martin, 13 Wall, 40, 48; Bump, Bankr. (9th Ed.) 802, 803.

*Charles J. Tryon* and *Charles A. Willard*, for respondent.

In absence of a law against preferences, until a court of bankruptcy has actually seized the property of the partnership the partners can deal with it as they see fit, and can even devote partnership assets to payment of private debts of the partnership. Case v. Beauregard, 99 U. S. 119; Selz v. Mayer, 151 Ind. 422; Vietor v. Glover, 17 Wash. 37; Thayer v. Humphrey, 91 Wis. 276. It is not necessary, however, to, determine here whether this proposition is correct. There is no such question in this case. Taking firm assets to pay private debts is altogether different from a partner taking his individual property to pay a firm debt. Gallagher's Appeal, 114 Pa. St. 353. There can be no actual fraud in an agreement by a partner to bind his private estate to pay a debt for which he is already bound as partner. There is nothing to show fraudulent intent or knowledge on the part of Davis. It is not sufficient that the effect be to hinder, delay, or defraud creditors in the collection of their claims. It must be a fraudulent contrivance for that purpose, and the grantee or person to be benefited must be privy to the fraudulent design. Hempstead v. Johnson, 18 Ark. 123, 140; Cornish v. Dews, 18 Ark. 172, 181; Mandel v. Peay, 20 Ark. 325, 329; Marbury v. Brooks, 7 Wheat. 556, 566; Brooks v. Marbury, 11 Wheat. 78; Tompkins v. Wheeler, 16 Pet. 106; Prewit v. Wilson, 103 U. S. 22, 24; Jaeger v. Kelley, 52 N. Y. 274; Starin v. Kelly, 88 N. Y. 418, 421; Grunsky v. Parlin, 110 Cal. 179. See Wait, Fraud. Conv. § 199.

The transaction is not a preference as to partnership creditors. Hawkins v. Mahoney, 71 Minn. 155. In re Parker & Morris, 6 Saw. 248, in holding that the giving of the individual note was a preference against firm creditors, was expressly based on the fact that a large surplus in the individual estate would have remained for firm creditors. A conveyance otherwise fraudulent will not be set aside where the property conveyed is incumbered for more than its value, or is exempt, and nothing remains for the creditor. Aultman & Taylor Co. v. Pikop, 56 Minn. 531; Baldwin v. Rogers, 28 Minn. 544; Horton v. Kelly, 40 Minn. 193; Blake v. Boisjoli, 51 Minn. 296. The

creditor's equity is uniformly based on the partner's equity against his copartners. Thayer v. Humphrey, supra; 17 Am. & Eng. Enc. 1199; Case v. Beauregard, supra.

Under G. S. 1894, § 4243, nothing can be a preference which does not take away something from the tangible assets of the insolvent. The signing of this note was not a "conveyance made" nor a "security given." Grant v. Minneapolis Brewing Co., 68 Minn. 86. The conveyance made or security given must have been on account of a "pre-existing debt." This was a new transaction, and the law against preferences does not prohibit the debtor, though insolvent, from having dealings with persons not his creditors, even if they know that he is insolvent. Henderson v. Kendrick, 72 Minn. 253; Joseph Schlitz Brewing Co. v. Childs, 65 Minn. 409; Stewart v. Platt, 101 U. S. 731, 743; Douglass v. Vogeler, 6 Fed. 53; Stewart v. Hopkins, 30 Oh. St. 502; In re Montgomery, Fed. Cas. No. 9,732, 12 N. B. R. 321; Cook v. Tullis, 18 Wall. 332, 340; Coffin v. Day, 34 Fed. 687; Tiffany v. Boatmans Institution, 18 Wall. 375, 388. Under no law has it been held that an increase of the debtor's liabilities constitutes a preference. O'Connor v. Parker, 23 Mich. 22. In like manner, securities given within a short time preceding bankruptcy, and in contemplation of it, are not preferences, where they are in renewal of existing securities, even if the mortgagee knows of the insolvency, since nothing is withdrawn from the estate. Brackett v. Harvey, 91 N. Y. 214; Sawyer v. Turpin, 91 U. S. 114; Cook v. Tullis, supra; Clark v. Iselin, 21 Wall. 360; Dalrymple v. Hillenbrand, 62 N. Y. 5; Cook v. Peoples, 29 Misc. (N. Y.) 30. The requirement for the surrender of the security held by the creditor as a condition for proving claim relates solely to the security on the property of the bankrupt. Citizens Nat. Bank v. Minge, 49 Minn. 454; In matter of Baxter, 24 Blatch. 122; In re Thomas & Sivyer, 8 Biss. 139; In re Anderson, 7 Biss. 233; In re Dunkerson & Co., 4 Biss. 253, 257; In re May, Fed. Cas, No. 9,327. That which as a security need not be surrendered is not a preference.

There was consideration for the signature of A. F. Kelley, and hence the note is a binding obligation, and the holder may share in his individual assets. The note extended the time of payment of the

demand till November 1, 1896. Flenniken v. Liscoe, 64 Minn. 269. This extension was sufficient consideration. Nichols & Shepard Co. v. Dedrick, 61 Minn. 513; Simpson v. Evans, 44 Minn. 419; Minneapolis Land Co. v. McMillan, 79 Minn. 287. Moreover, there was the further consideration which arose from the acceptance of the note in payment of the account. See Hanson v. White, 75 Minn. 523. It is too late now to inquire into the adequacy of the consideration. Minneapolis Land Co. v. McMillan, supra.

While intent to prefer may result as a necessary inference from facts, it is nevertheless essential, and must actually be found. Bean v. Scheffer, 68 Minn. 33; Fisher v. Utendorfer, 68 Minn. 226; Dalrymple v. Hillenbrand, supra. The note was given in hope that by that and similar means Kelley might be enabled to continue in business. And this, even when insolvency exists, and the creditor has reasonable cause to believe the debtor insolvent, does not constitute a preference. Baumann v. Cunningham, 48 Minn. 292, 296; Campbell v. Waite, 9 Ben. 166.

LOVELY, J.

This action arose on an appeal from the disallowance of a claim by the assignee of the insolvent estate of A. F. Kelley. The trial court allowed the claim, upon which judgment was duly entered. The assignee appeals to this court.

A. F. and L. E. Kelley were partners, and carried on the business of loaning money for outside investors, one of whom was Alice B. Davis, the respondent. The Kelleys also as a firm made an assignment in insolvency. About a month previous to the assignment of the firm, an indebtedness of such firm to respondent was estimated upon a past-due and open account made up of mortgages and notes collected, and amounted in round numbers to $7,000. A. F. Kelley, in settlement with Mrs. Davis, gave her a note of the firm for its outstanding obligation, which was also signed by him individually. At this time the firm and both members were hopelessly insolvent, and respondent knew, or at least had reasonable cause to believe, such to be the fact. This note, with the additional security which A. F. Kelley's name gave to it, was, under the findings of the court below, received by Mrs. Davis in contemplation of such insolvency.

The note was first filed as a claim against the estate of A. F. & L. E. Kelley, and Mrs. Davis was allowed her proportion thereon. The balance thereof was then filed against the individual estate of A. F. Kelley, and it is the allowance of this balance against such individual estate of the latter, over proper objections, that presents the only question for our determination on this appeal. The court below declined to find the intent of A. F. Kelley in giving this note, for the reason that it was of the opinion that no preference in law could be created by the additional personal signature of one of the members of the firm. The court also found that the note was given in payment of the partnership debt to Mrs. Davis. At the time of the execution of the note, A. F. Kelley owned a large amount of real and personal property, which passed to his assignee, but neither the firm nor the individual creditors will receive dividends from the respective insolvent estates sufficient to pay their claims in full.

It is contended on the part of appellant that the execution of the firm note with the name of the individual partner amounted to an actual fraud, and should be set aside. This view, under claim of counsel, is supported by several cases which hold that under the same circumstances the application of firm property to pay the debts of a member, or the assumption by the firm of obligations due from any one of them, would amount to a fraud upon the partnership creditors, for the reason that the firm's obligations should be first paid from the firm property, as held in Hawkins v. Mahoney, 71 Minn. 155, 73 N. W. 720. Such a case is Phillips v. Ames, 5 Allen, 183; but we are unable to apply this rule to the converse of the situation, or to hold that the giving of further credit by a personal member of the firm to a partnership debt constitutes a legal fraud. It is apparently a benefit, rather than an injury, to the firm; and if an individual member wishes to give his own property to pay the firm's debts, or lends the use of his name to the firm for the purpose of extending its credit in the regular course of business, without any dishonest arrangement between himself and the debtor, it is impossible to discover any constituent element of legal fraud in the transaction. Until A. F. Kelley made an assignment in insolvency, and in the conduct of his business continued to give and receive

credit, his indorsement of the note in the usual course of business could not, as a matter of law, be held to be a fraud. Gallagher's Appeal, 114 Pa. St. 353, 7 Atl. 237.

With reference to the effect of the indorsement of the note by the individual member as affecting the estate of A. F. Kelley, there is not sufficient evidence to show a fraudulent knowledge or connivance on the part of Mrs. Davis with such individual member to defraud creditors in the collection of their claims, and to support the contention that such act was in itself fraudulent it must appear that the party to be benefited was privy to that design (Wait, Fraud. Conv. § 199; Jaeger v. Kelley, 52 N. Y. 274; Prewit v. Wilson, 103 U. S. 22, 24). It only remains to be considered whether, under G. S. 1894, § 4243, the indorsement of A. F. Kelley to the note was an unlawful preference.

This statute applies, by its terms, to "conveyances and payments made, and securities given, by any insolvent debtor, or a debtor in contemplation of insolvency, within 90 days of making of an assignment," which are declared to be invalid, and will be set aside as illegal preferences. If the execution of the note by A. F. Kelley was, under the statute, an illegal preference against his own creditors, it should be set aside for the reason solely that the statute prohibits such a preference; and the consideration of this question simply requires a construction of that statute, for without the restraint of the statute debtors may prefer creditors, and, in the absence of actual fraud, such preferences are valid, and will be upheld. Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222.

There is no doubt that the effect of A. F. Kelley's individual signature was within the mischief of the statute, and the fact that he was insolvent, as well as the firm, and known to be so, could not but have been supposed to give the person taking the note, who was a partnership creditor, an advantage over individual creditors of A. F. Kelley. But it does not follow that it was an unlawful preference, for, as we have seen, preferences without actual fraud are prohibited solely by statute; otherwise they are legal, and will be upheld, and the question whether this transaction should be set aside depends, as we have seen, entirely upon the statute, and we are com-

pelled to say that it does not cover this case. It relates, by its express terms, to "conveyances and payments made, and securities given" by an insolvent. Clearly, this indorsement was not a conveyance, and, although the court held that the signing of the note by A. F. Kelley was in payment of the debt, yet the payment referred to in the statute must be held to be an application of the funds of the estate of the debtor, rather than the indorsement of a note in the way of business; and, while it is difficult to see any substantial reason why this statute should not have been extended to meet a case like the one at bar, yet we cannot, by any latitude of construction, so interpret it. The expression of certain well-defined cases in the act, which constitute preferences by a familiar rule, excludes any other. "Expressio unius exclusio alterius." And in the absence of a general provision covering all preferences, the indorsement was clearly excluded under any construction we can apply to it, and we must hold it not to be a preference.

The judgment is affirmed.