## N. B. GRAGER v. ANDREW I. HANSEN AND ANOTHER.[1]

December 18, 1925.

No. 25,039.

**Chattel mortgage not given to defraud creditors.**

    1. The finding that the chattel mortgage in question was given to secure a valid debt and not for the purpose of hindering, delaying or defrauding creditors is sustained by the evidence.

**Debtor's preference of one creditor not a fraud on other creditors within meaning of statute.**

    2. A debtor may lawfully give a preference to one creditor over others, and an intention to give such a preference does not constitute a purpose to hinder, delay or defraud creditors within the meaning of G. S. 1923, § 8345.

    1. See Fraudulent Conveyances, 27 C. J. p. 821, § 770.
    2. See Fraudulent Conveyances, 27 C. J. pp. 613, 615, § 363.

---

    1. See note in 26 L. R. A. (N. S.) 1068; 12 R. C. L. p. 509; 3 R. C. L. Supp. p. 1438.
    2. See notes in 31 L. R. A. 609; 36 L. R. A. 333; 12 R. C. L. p. 580; 2 R. C. L. Supp. p. 1459.

Action in the district court for Marshall county to foreclose a chattel mortgage. The case was tried before Grindeland, J., who

[1]Reported in 206 N. W. 440.

ordered judgment in favor of plaintiff. Defendant Thomas appealed from an order denying his motion for a new trial. Affirmed.

*A. N. Eckstrom*, for appellant.

*E. A. Brekke, Julius J. Olson* and *Rasmus Hage*, for respondent.

TAYLOR, C.

Plaintiff brought this action in November, 1924, to foreclose a chattel mortgage given on October 30, 1923, by defendant Hansen upon the crop to be raised on Hansen's farm in Marshall county in the season of 1924, to secure a promissory note for the sum of $2,000. Defendant Hansen answered admitting the indebtedness and the execution of the mortgage, and alleging that he had been adjudged a bankrupt on September 5, 1924, and that defendant Thomas had been appointed trustee of his property in the bankruptcy proceeding. Defendant Thomas answered, alleging his appointment as trustee in the bankruptcy proceeding and that he had taken possession of the grain in controversy as such trustee. He admitted the execution of the chattel mortgage, but alleged that it was given without consideration and for the purpose of hindering, delaying and defrauding the creditors of Hansen. The court found, in effect, that the mortgage was not given to hinder, delay or defraud creditors, but to secure a valid indebtedness to plaintiff, and directed a judgment to the effect that the mortgage was a valid subsisting lien upon the grain in controversy, and that it be foreclosed and the grain sold as provided by law.

Defendant Thomas appealed from an order denying a new trial. He asserts, in substance, that, as Hansen remained in possession of the farm and the grain, the mortgage is presumptively fraudulent, and that the evidence is not sufficient to overcome this presumption, or to sustain a finding that plaintiff took the mortgage in good faith.

Plaintiff had married the mother-in-law of Hansen and resided in Iowa. He loaned Hansen $2,000 in 1920 for which he received an unsecured promissory note. The interest was paid when it became due and the note renewed. There was an understanding between

them that security should be given if anything went wrong with Hansen. Hansen became indebted in considerable amounts. He executed three mortgages upon his farm and a chattel mortgage upon a part of his personal property. These mortgages were given to creditors other than plaintiff. On October 30, 1923, as he was about to start for Iowa, Hansen executed the mortgage in question, and took it with him to Iowa, and delivered it to plaintiff. It was filed for record on November 3, 1923, apparently by Hansen.

We have examined the record with care and are satisfied that the evidence justified the trial court in holding that the mortgage was given in good faith and not for the purpose of hindering, delaying or defrauding creditors. That it was given to secure a valid debt for money loaned is beyond question. It may have constituted a preference over other creditors, but a debtor may lawfully give a preference to one creditor over others, and the purpose to give such a preference does not constitute a purpose to hinder, delay or defraud creditors within the meaning of section 8345, G. S. 1923. Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433; Imperial Elev. Co. v. Bennett, 127 Minn. 256, 149 N. W. 372; Nat. Citizens Bank v. McKinley, 129 Minn. 481, 152 N. W. 879; Harris v. Spencer, 130 Minn. 141, 153 N. W. 125; Petersdorf v. Malz, 136 Minn. 374, 162 N. W. 474; Wilson v. Geiss, 153 Minn. 211, 190 N. W. 61; Engenmoen v. Lutroe, 153 Minn. 409, 190 N. W. 894. The bankruptcy law provides for avoiding such preferences in certain cases, if given within four months of the filing of the petition in bankruptcy, but that provision applies only in proceedings under that law. There is no claim that this mortgage falls within any of the provisions of the bankruptcy law. That it was given voluntarily and not pursuant to a formal demand is not important, for it was delivered and promptly accepted.

We concur in the conclusion of the learned trial court and the order is affirmed.