# R. M. WATSON v. MILTON GOLDSTEIN AND ANOTHER.[1]

May 18, 1928.

No. 26,667.

**Finding sustained that conveyances claimed to be fraudulent were for fair consideration.**

1. In an action to set aside certain conveyances as fraudulent as to creditors of the grantor, the finding is sustained that full values of the properties conveyed applied in reduction of a bona fide debt owing the grantee constituted a fair consideration.

**Finding sustained that neither grantor nor grantee had actual intent to defraud plaintiff.**

2. That being true, the burden was then upon plaintiff to prove that both the grantor and grantee had actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud plaintiff. The court found that neither had such intent. The evidence is not such as to require a contrary finding.

Fraudulent Conveyances, 27 C. J. p. 799 n. 42; p. 800 n. 45; p. 830 n. 18; p. 834 n. 53; p. 835 n. 64.

See note in 32 L. R. A. 71; 12 R. C. L. 667; 2 R. C. L. Supp. 1467; 7 R. C. L. Supp. 389.

Action in the district court for Hennepin county to set aside certain conveyances as fraudulent. There were findings for the defendants, and plaintiff appealed from a judgment of dismissal, Guilford, J. Affirmed.

*Shaw, Safford, Putnam & Shaw,* for appellant.

*William E. MacGregor,* for respondents.

HOLT, J.

Plaintiff appeals from a judgment of dismissal on the merits.

In a tort action in the district court of Hennepin county a verdict was given plaintiff, on May 15, 1925, against Milton Goldstein, one of the defendants herein. October 8, 1925, judgment was entered

[1]Reported in 219 N. W. 550.

and docketed pursuant to the verdict for $2,903.25. Between the rendition of the verdict and entry of judgment Milton Goldstein conveyed his real estate, located in said county, to his mother, the defendant Lina Goldstein. The deeds were recorded prior to the entry of the judgment. Execution thereon was returned unsatisfied, the conveyances having rendered Milton insolvent. Thereupon this action was brought to have the conveyances mentioned adjudged fraudulent and void as to plaintiff. Findings were made embodying the facts stated, and further that the deed to each property "was made for a fair consideration and in part payment of a bona fide indebtedness owed" by the grantor to the grantee; that the grantor made the transfer "for the purpose of preferring his mother, Lina Goldstein, before other creditors, including plaintiff herein;" and that the allegations of the complaint not admitted or found true were not true.

Certain of the findings are challenged as without support. Those essential to the validity of the judgment will be noted. The first is that the court was not justified in finding that there was a fair consideration for the transfers. Plaintiff does not question the fact that Milton's debt to his mother was a fair equivalent for the property deeded, for, after being credited upon the books of account kept of the dealings between Milton and his mother with the full value of the property conveyed to her, Milton was still in her debt several thousands of dollars. But the contention is that where the consideration for property conveyed is an antecedent debt, there must be proof of satisfaction of the debt by the creditor. Reliance is placed upon G. S. 1923, § 8477 (Fraud. Conv. Act, § 3), which defines fair consideration in transfers of property. Subdivision (a) relates to absolute transfers, and subdivision (b) to transfers as security for debts. In either case the statute declares the consideration fair when it is a fair equivalent for the property transferred, or when the debt secured is not disproportionately small to the value of the property transferred to secure it. In both cases good faith as against actual fraudulent intent must characterize the transaction.

It is to be kept in mind that plaintiff averred the conveyances to have been made. This implied delivery by the grantor of the deeds and acceptance by the grantee. So under the allegations as well as under the law the burden was upon plaintiff to prove the want of acceptance, or that the debt which was professed to be satisfied upon the books of the parties was not so in fact. In this we think he failed. No question was asked Lina Goldstein as to when she learned that the properties were deeded to her or the deeds recorded, or whether or not she had approved of the satisfaction or reduction of Milton's debt to the amount disclosed by the book entries. The record shows similar transfers and book entries thereof several times prior to the tort which gave rise to plaintiff's judgment, whereby directly or indirectly Milton's debt to his mother was canceled or reduced pro tanto to the value of the property received by her.

Next the last sentence in the opinion in Grager v. Hansen, 165 Minn. 317, 206 N. W. 440, is relied on for a ruling that it was incumbent on the grantee to show an acceptance of the deed. Obviously that sentence was not intended to state a rule of law as to the burden of proof; it merely was a statement of what appeared at the trial.

There being a fair consideration for the transfers within the meaning of the statute referred to, the fact that the grantor thereby was rendered insolvent becomes of no importance (G. S. 1923, § 8478, Fraud. Conv. Act, § 4), and the transfers may not be set aside unless there is a finding, or evidence which requires a finding, of actual intent to defraud, as distinguished from intent presumed in law, so as to make applicable G. S. 1923, § 8481 (Fraud. Conv. Act, § 7). The complaint alleged "that the consideration named in said deeds was fictitious and said deeds were made with the intent to delay, hinder and defraud this plaintiff." We take this to charge "actual intent, as distinguished from intent presumed in law." The court found this allegation not true, as also were allegations of the grantor's continued possession and collection of rents of the premises conveyed. These findings, if warranted, must be held decisive of the lawsuit, the finding that the considerations

were fair being sustained. Mindful of the established rule that the burden was plaintiff's to prove actual intent to hinder, delay, or defraud, can it be said that the finding made is without support, or in other words, does the evidence demand a finding of actual intent? We have examined the record with care, and reach the conclusion that the finding on this issue cannot be disturbed by this court.

Milton frankly admitted that by the conveyances he intended to prefer his mother to the claim of plaintiff. There was nothing unlawful in this. Petersdorf v. Malz, 136 Minn. 374, 162 N. W. 474; Grager v. Hansen, 165 Minn. 317, 206 N. W. 440; Thompson v. Schiek, 171 Minn. 284, 213 N. W. 911; Klaseus v. Meester, 173 Minn. 468, 217 N. W. 593, and earlier cases therein cited, show that a conveyance by which an insolvent grantor gives a bona fide creditor a preference over another creditor is not subject to attack except in appropriate proceedings under the insolvency or bankruptcy laws. It is true the close relationship here existing between grantor and grantee was an item to be considered in determining the issue of actual intent. Barnard v. Seaman, 169 Minn. 409, 211 N. W. 473. However, as already stated, there had here been a course of conduct evidenced by unimpeached books of account prior to the conveyances now assailed not at variance with the conclusion that there was no actual intent to hinder, delay, or defraud plaintiff. At least there is no persuasive evidence that calls for an opposite finding.

In Aretz v. Kloos, 89 Minn. 432, 95 N. W. 216, 769, the syllabus is: "Proof that a conveyance of real property is fraudulent must be clear and satisfactory. It must be sufficiently strong and cogent to satisfy a man of sound judgment as to the truth of the allegation of fraud." Even if it be granted that the record might warrant the drawing of an inference that Milton was actuated by an actual fraudulent intent, we find nothing which would permit such an intent to be found in the grantee. To be entitled to have a deed upon a fair consideration adjudged void as to a creditor of the insolvent grantor it is necessary to prove actual intent to defraud on the part of both grantor and grantee. Petersdorf v. Malz, 136

Minn. 374, 162 N. W. 474. An argument is made that Milton was his mother's agent in the making and recording of the deeds, and therefore his intention must be attributed to her. This is however met by the finding absolving Milton from actual intent to hinder, delay, or defraud plaintiff, and the evidence is not such as to require a finding to the contrary.

The memorandum of the learned trial court discloses full appreciation of the law applicable to the trial of issues in actions of this sort, and his findings are so well supported by the record that they must stand.

The judgment is affirmed.