### H. E. SKINNER v. FRANK OVEREND AND OTHERS.[1]

January 12, 1934.

No. 29,611.

*John L. Brin* and *Granger & Blethèn,* for appellant.
*James T. Spillane,* for respondents.

*STONE, Justice.*

Action to set aside as fraudulent a bill of sale and a contract for deed from defendants Frank and Catherine Overend, husband and wife, to their son, defendant Merrill Overend. The decision below was for defendants. Plaintiff appeals from the order denying his motion for determinative amendment of the findings of fact or a new trial.

May 20, 1932, plaintiff got a judgment against Frank Overend for upwards of $4,000. April 28 Frank Overend gave his son Mer-

[1]Reported in 252 N. W. 418.

rill a bill of sale of several head of live stock and some farming implements. May 11 Frank and his wife, Catherine Overend, executed and delivered a contract for deed of a quarter section of mortgaged land to Merrill. It is inferable that the main target of the action is the transfer of personal property rather than the land.

Merrill is 33 years old, and he has stayed by his parents and the home farm since attaining his majority. In the language of the findings:

He "has rendered them services pursuant to an agreement made between him and the defendant Frank Overend whereby the latter agreed to pay him, the said Merrill Overend, the sum of thirty dollars per month, the same to be paid in personal property with which to start farming whenever the said Merrill Overend should desire to start farming on his own account.

"That on April 28, 1932, said defendant Frank Overend was indebted to the said Merrill Overend in a sum in excess of four thousand dollars under said contract. * * * Said bill of sale mentioned * * * was intended by the defendants * * * to be applied as a payment upon said indebtedness."

There follows this finding, supported by adequate evidence:

"That defendant Frank Overend intended to give defendant Merrill Overend a preference over other creditors but did so without actual intent to defraud as distinguished from intent presumed in law."

The evidence shows "numerous attempts," honestly and persistently made by Frank Overend, to solve his financial difficulties. They had weight in absolving him from fraud. Such intent on the part of Merrill is equally negatived by implication. To avoid the transfers, as in fraud of creditors, it was necessary to show fraudulent intent of both debtor-grantor and creditor-grantee. Petersdorf v. Malz, 136 Minn. 374, 162 N. W. 474; Watson v. Goldstein, 174 Minn. 423, 219 N. W. 550.

The intended preference of Merrill by his father, whatever its effect in bankruptcy or insolvency proceedings, is not sufficient to

give plaintiff victory in this case. In addition to the cases already cited, the following are in point: Aretz v. Kloos, 89 Minn. 432, 95 N. W. 216, 769; Underleak v. Scott, 117 Minn. 136, 134 N. W. 731; see also 3 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 3846, 3848, 3851-3852.

The motion for a new trial was based in part upon newly discovered evidence consisting of a financial statement made by Frank Overend in March, 1928. Its significance is that it made no mention of the indebtedness of father to son. A memorandum of the learned trial judge, explaining and supporting his denial of the motion for a new trial, shows that he gave the new evidence careful consideration and all the effect it could have had as evidence if it had been put before him as such at the trial. Quite apropos is his comment that the deflation of values in the last five years has placed "a different aspect upon the situation." Stressed again are the "many efforts" made by Frank Overend to refinance himself.

The evidence for defendants of the existence and amount of the debt of father to son is without opposition. Whatever Merrill got was to secure "an antecedent debt in amount not disproportionately small" (2 Mason Minn. St. 1927, § 8477) in proportion to the value of the property transferred to him. Such arrangements between farmer-father and farmer-son are too common and well known and too frequently honest and meritorious to allow us any right, as a court of review, to overturn a decision upholding them upon such evidence as that now before us. Plaintiff's claim is just and his attitude entirely honest. But the same is established also of the claim and attitude of the defendants.

The order must be and is affirmed.