# FARMERS CO-OPERATIVE ASSOCIATION OF BERTHA, MINNESOTA (FORMERLY BERTHA FARMERS CO-OPERATIVE ASSOCIATION), BY IRJA MARIIN, AS RECEIVER, v. FRED KOTZ.[1]

June 14, 1946.

Nos. 34,142, 34,197.

[1]Reported in 23 N. W. (2d) 576.

154

*Frank L. King,* for appellant.
*Jesse A. Schunk* and *Charles W. Kennedy,* for respondent.

MAGNEY, JUSTICE.

Plaintiff, Farmers Co-operative Association of Bertha, Minnesota, by its receiver, Irja Mariin, brought action to set aside and declare void and of no force and effect a chattel mortgage given by the association to defendant and to declare void and of no effect the mortgage foreclosure sale record thereof. Plaintiff prevailed, and defendant appeals from the order denying his motion for a new trial and from the judgment.

Prior to 1943, one B. W. Schimmelpfennig had been employed by the association as its manager. After his services had been terminated by discharge, he brought suit on May 25, 1943, against the association to recover commissions to which he claimed he was entitled. He was successful, and on October 14, 1944, judgment was

entered in his favor for $544.55. On November 18, 1944, execution on the judgment was returned unsatisfied. Thereupon a petition for the appointment of a receiver of the association was made. On December 20, 1944, the present acting receiver was appointed and qualified.

For several years prior to September 6, 1944, defendant was a director and the treasurer of the association. At the time Schimmelpfennig ceased to act as manager in 1942, the association was in a bad way financially. Defendant had advanced and loaned to the association various sums of money aggregating at least $2,859.12 with interest, the greater part of it in 1943, in order that it might continue to operate. In 1944, about the time Schimmelpfennig was attempting to collect what he claimed was due him, defendant demanded of the directors, unsuccessfully, that his loans to the association be paid. His resignation as director and treasurer was accepted at a meeting of the board of directors on September 6, 1944. At the meeting of the board held on October 4, 1944, it was voted that a mortgage be given defendant on all merchandise, equipment, book accounts, and notes receivable as security for money then owing him. On October 6, 1944, a mortgage of $3,500 was thereupon given defendant as security for the indebtedness then existing and for future advances, the aggregate of which should not exceed $4,500. A provision of the mortgage required the mortgagor to render monthly accounts of its business to defendant and to pay over to him the proceeds of the preceding month's business, whereupon he would advance to it sufficient funds with which to conduct next month's business. Defendant claimed that the association failed to make a full accounting to him of its business once a month as required by the terms of the mortgage, and on November 28, 1944, he instituted proceedings to foreclose the same. On December 11, 1944, pursuant to notice, the property was sold at public auction and bid in by defendant for $3,528.10, and the report of sale filed. The receiver succeeded in the court below in having the mortgage declared null and void, as well as the mortgage foreclosure sale record.

■ Defendant claims that the court erred in denying his motion to strike the case from the calendar. There is nothing in the record on this matter except the order of the court refusing the motion to strike and a note signed by the court stating that "defendant's counsel frankly in open court admitted receipt by copy of the notice of trial on the sixth day of March, 1945, that then being equivalent to personal service as of said date." With such a meager record, we cannot say that the court was in error.

■ Defendant made a motion for new trial on the minutes. It was not heard within the time allowed by law, nor was the time extended for hearing of it as required by the statute. It seems unnecessary to detail the situation. When heard, the motion for new trial could no longer be entertained by the court on the minutes, since its authority to hear the motion had ceased. Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558; Smith v. Wright, 192 Minn. 424, 256 N. W. 890. As the order appealed from was a nullity, the appeal must be dismissed and our consideration limited to the question raised by the appeal from the judgment.

■ In the absence of legislation forbidding it, a debtor, even though insolvent at the time, may convey his property so as to give one creditor a preference over another. This is the rule in this state. Vose v. Stickney, 19 Minn. 312 (367) ; Smith v. Deidrick, 30 Minn. 60, 14 N. W. 262; In re Kahn, 55 Minn. 509, 57 N. W. 154; National Citizens Bank v. McKinley, 129 Minn. 481, 152 N. W. 879; Petersdorf v. Malz, 136 Minn. 374, 162 N. W. 474; Engemoen v. Lutroe, 153 Minn. 409, 190 N. W. 894; Nelson v. Poss, 172 Minn. 149, 214 N. W. 787. In Grager v. Hansen, 165 Minn. 317, 319, 206 N. W. 440, 441, it was held that the intention by a debtor to give one creditor preference over others does not constitute a "purpose to hinder, delay or defraud creditors"; and in National Surety Co. v. Wittich, 184 Minn. 21, 237 N. W. 585, that the fact that a transfer in part payment of an antecedent debt results in a preference does not constitute fraud against general creditors. Of course we are not here considering provisions of bankruptcy or insolvency stat-

utes. In Aretz v. Kloos, 89 Minn. 432, 439, 95 N. W. 216, 219, 769, this court said:

"* * * We have no domestic law which will prevent a debtor from preferring and securing a bona fide creditor, if he chooses so to do; and this was true when the state insolvency law was in force, for except as forbidden by that law, debtors might prefer creditors, and, in the absence of actual fraud, such preferences were valid, and would be upheld. Davis v. Cobb, 81 Minn. 167, 83 N. W. 505."

See, also, 24 Am. Jur., Fraudulent Conveyances, § 92.

■ Courts are divided on the question of the power of an insolvent corporation to prefer one general creditor over another. The prevailing view is that a corporation, though insolvent, may, where it has possession and control of its property and in the absence of fraud or statutory restriction, prefer one of its general creditors over the others by a deed of trust on its property or by a mortgage, sale, assignment, or otherwise in the same manner and to the same extent as an individual debtor, so long, at least, as such preferment does not deprive the corporation of the power to continue in its due course of business and render it necessary for it to suspend. 13 Am. Jur., Corporations, § 1268. Where the power is denied, it is based on the doctrine that the assets of an insolvent corporation are a trust fund for its creditors. The trust fund doctrine has not been adopted in this state. In an early case, Hospes v. Northwestern Mfg. & Car Co. 48 Minn. 174, 192, 50 N. W. 1117, 1119, 15 L. R. A. 470, 31 A. S. R. 637, the court in the words of Mr. Justice Mitchell said:

"* * * Corporate property is not held in trust, in any proper sense of the term. * * * Absolute control and power of disposition are inconsistent with the idea of a trust. The capital of a corporation is its property. It has the whole beneficial interest in it, as well as the legal title. It may use the income and profits of it * * * the same as a natural person. It is a trustee for its

creditors in the same sense and to the same extent as a natural person, but no further."

It follows that a corporation, though insolvent, may, as a general proposition, prefer one general creditor over another.

■ When a corporation is insolvent, its directors cannot, by taking advantage of their fiduciary relation, secure to themselves a preference over other creditors. Taylor v. Mitchell, 80 Minn. 492, 83 N. W. 418. In 13 Am. Jur., Corporations, § 1271, the rule is thus stated:

"The great weight of authority is to the effect that a preferential transfer to a creditor who is an officer of the corporation in payment of, or as security for, a pre-existing debt is invalid if the corporation is insolvent. * * * The denial of the right of directors of an insolvent corporation to obtain a preference by way of security or payment of debts due them by the corporation is not as a rule founded upon the trust fund doctrine, but upon the theory that it is inequitable that a director, whose position as to knowledge of conditions and power to act for the corporation gives him an advantage, should be permitted to protect his own claim to the detriment of others at a time when it is apparent that all the unsecured debts of the corporation are equally in peril and that all of them cannot be paid. The courts sustaining that rule regard the director as in a sense trustee for all the stockholders and creditors, so far at least as to render it improper for him to act solely for himself in disregard of the interest of those for whom he is such trustee."

■ In this case defendant had been director and treasurer of the association for several years. He had loaned it money in order that it might continue to operate. The chattel mortgage given him was for fair consideration. It did not deprive the corporation of the power to continue its due course of business and render it necessary for it to suspend. Upon its foreclosure, the value of the property sold did not exceed the amount for which it was sold. He unsuccessfully demanded of the other directors payment of the

money due him. On September 6, 1944, as has been stated, he submitted his resignation as director and treasurer and it was accepted on the same day. On October 4, 1944, the board of directors decided to give defendant a chattel mortgage to secure him. This mortgage was executed shortly thereafter. At the time the mortgage was executed, defendant was a general creditor of the association, probably the largest creditor. But for the fact that he had been an officer and director of the association, there is no question that he could lawfully receive a preference.

The general rule is stated in 14A C. J., Corporations, § 3081, as follows:

"* * * The rule denying the right of officers or directors to secure preferences applies, although they are bona fide creditors, and to preferences to officers de facto as well as officers de jure. The rule cannot be evaded by resignation of a director shortly before execution of the security constituting a preference in his favor where it appeared that all arrangements had been made to give him a preference at a time when he was still director and in consequence of a consultation with other officers and directors," and cases in note 12.

There is no testimony in this case to support a claim that the arrangements for the giving of this mortgage, which constituted a preference, were made with the other officers or directors while defendant was still a director. Plaintiff bases his contention on the following testimony given by defendant:

"Q. Where did you first get the idea of this chattel mortgage?

* * * * *

"A. That is the only—that was one way of getting my money.

* * * * *

"Q. You talked that over with the directors, did you?

"A. Yes.

"Q. Did somebody come to you and tell you that you should take a chattel mortgage?

* * * * *

"A. Not that I know of."

Of course it is evident that if defendant was to get a chattel mortgage it would be necessary for him to talk it over with the directors. But the testimony quoted above does not warrant a conclusion that he talked over the matter of the mortgage while he was still a director and that the arrangements for this mortgage were made "when he was still director and in consequence of a consultation with other officers and directors."

The trial court made the following finding:

"That defendant, Fred Kotz, as director of the Farmers Co-operative Association of Bertha, Minnesota, participated in authorizing the making of the chattel mortgage * * * to himself, and purchased the property at the foreclosure sale * * * and with intent to secure to himself a privilege over the other creditors of the corporation, and to defraud the creditors of the corporation and the stockholders thereof."

As has been stated, there is no testimony in the record to support a finding that defendant as director participated in authorizing the making of the chattel mortgage in question, and there is insufficient evidence to support an inference to that effect. Neither is there any evidence to support a claim of fraud. The securing of a preference by a general creditor from an insolvent corporation is not, in itself, fraudulent under the laws of this state.

We are of the opinion that a new trial should be granted.

Appeal from the order denying new trial dismissed.

Judgment reversed and new trial granted.