FARMERS CO-OPERATIVE ASSOCIATION OF BERTHA, MINNESOTA
(FORMERLY BERTHA FARMERS CO-OPERATIVE ASSOCIATION),
BY IRJA MARIIN, AS RECEIVER, v. FRED KOTZ.[1]

November 25, 1946.

No. 34,396.

See, 222 Minn. 153, 23 N. W. (2d) 576.

*Frank L. King,* for relator.

*Jesse A. Schunk* and *Charles W. Kennedy,* for respondent.

PER CURIAM.

This is a petition for a writ of certiorari to review an order by the district court of Todd county, Minnesota, made and filed October 15, 1946, the effect of which was to set the above case for trial notwithstanding plaintiff had not paid the costs of the appeal to this court. It appears that the case was decided by this court on June 14, 1946 (Farmers Co-op. Assn. of Bertha v. Kotz, 222 Minn. 153, 23 N. W. [2d] 576), in favor of defendant, and costs were later taxed and judgment entered here in due course. No objection to the transmission of the remittitur to the lower court was made by the prevailing party, and accordingly, upon entry of judgment, the remittitur went down. Minn. St. 1945, § 607.02,[2] provides in part:

"* * * *Except when otherwise ordered by the court,* the losing party shall pay the costs and disbursements before he shall be entitled to a remittitur, or to proceed further in the trial court." (Italics supplied.)

Our Rule XIV (see, 212 Minn. xlv) provides:

"The remittitur shall be transmitted to the clerk of the court below when judgment is entered, unless written objection under Minn. St. 1945,

[1]Reported in 25 N. W. (2d) 233.

[2]See, M. S. A. § 607.02, and cf. Mason St. 1927, § 9487.

§ 607.02 (see, M. S. A. § 607.02, and cf. Mason St. 1927, § 9487), is made by the prevailing party and filed with the clerk of this court on or before the day set for the taxation of costs and disbursements."

That rule constitutes a standing order within the meaning of § 607.02, and, since the files of this court disclose no objection made by the prevailing party at the time by the rule required, the remittitur was properly sent down, and the trial court now has jurisdiction to proceed with the trial of the case in question notwithstanding the nonpayment of the costs and disbursements of the appeal.

Writ denied.