PATRICK WALSH, Receiver, *vs.* TIMOTHY E. BYRNES and others.

December 21, 1888.

Suit by Receiver—Authority to Sue—Objection, how Taken.—Where the plaintiff sues as receiver, alleged to have been appointed in proceedings supplementary to execution, the objection that he was not duly appointed, or is not authorized to maintain the action, cannot be raised upon general demurrer for insufficiency. The proper ground of demurrer in such cases is that the plaintiff has not legal capacity to sue.

Fraudulent Conveyance— Subsequent Creditors.— Voluntary conveyances by a debtor who is financially embarrassed are *prima facie* fraudulent as to existing creditors: and where a conveyance is made *mala fide*, and the fraud is participated in by both parties thereto, it cannot be upheld in derogation of the claims of creditors existing or subsequent.

The plaintiff, as receiver appointed in proceedings supplementary to an execution, brought this action in the district court for Hennepin county, to set aside certain conveyances alleged to have been made by the judgment debtor to the defendant Byrnes to defraud creditors. Defendants appeal from an order by *Lochren, J.*, overruling their demurrer to the complaint.

*Benton, Plumley & Healy*, for appellants.

*E. A. Campbell* and *J. E. Waters*, for respondent.

VANDERBURGH, J. The only ground of demurrer in this case is that the complaint fails to state facts sufficient to constitute a cause of action.

1. It is claimed that the complaint is insufficient because the facts establishing the jurisdiction of the court to appoint the plaintiff receiver are not more fully stated, and that his authority to bring the action does not appear. This objection is not tenable, under the present demurrer. To enable the defendants to raise this point, they ought to have specified therein the further ground that the plaintiff has not a legal capacity to sue. *Viburt* v. *Frost*, 3 Abb. Pr. 119; Bliss, Code Pl. (2d Ed.) § 409*a*. But, in any event, the complaint is, we think, sufficient to show that the plaintiff was duly appointed receiver, in proceedings supplementary to execution, after the rendi-

tion of the judgment described in the complaint, upon which it is alleged execution had been duly issued, and returned wholly unsatisfied. This judgment is also alleged, in substance, to have been duly rendered in the district court of Hennepin county, on the 14th day of May, 1885, against the defendant William A. Rogers, and in favor of Moses T. Salisbury, for the sum of $1,419.

2. This action is brought to set aside sundry alleged transfers and conveyances of property, real and personal, by Rogers to the defendant Byrnes, which plaintiff avers were made with the intent to defraud the creditors of Rogers, of whom Salisbury was one. These transfers were all made prior to the rendition of the judgment, and it is not alleged that the particular indebtedness or obligation for which the judgment was recovered was incurred before such alleged fraudulent conveyances; and the defendants contend that, for the purposes of this action, Salisbury is to be regarded as a subsequent creditor, and as such not entitled to relief against the fraud of the defendants. We presume the omission was an oversight in drawing the complaint, but we fail to discover any averments in the complaint going to show that the claim established by the judgment was subsisting at the dates of the conveyances. The only question in the case, then, is whether there is enough in the complaint to entitle plaintiff to any relief on account of the fraudulent conduct of the defendants, as therein set forth. Voluntary conveyances by an embarrassed debtor are *prima facie* fraudulent as to pre-existing creditors, and the presumption arises from the existence of the indebtedness, and hence the rule could not, in the absence of additional facts tending to prove fraud in fact, apply to cases of subsequent indebtedness. But it is well settled that where voluntary conveyances are actually fraudulent, and the purpose or effect of the same is to prejudice subsequent creditors, such conveyances will also be void as to them. *Day* v. *Cooley,* 118 Mass. 524; *Dewey* v. *Moyer,* 72 N. Y. 70, and cases; *Mead* v. *Gregg,* 12 Barb. 653; *King* v. *Wilcox,* 11 Paige, 589, 594; *Horn* v. *Volcano Water Co.,* 13 Cal. 62, (73 Am. Dec. 569;) *Hussey* v. *Castle,* 41 Cal. 239; *Winchester* v. *Charter,* 12 Allen, 606; *Marston* v. *Marston,* 54 Me. 476, (14 Am. Dec. 706;) 1 Story, Eq. Jur. §§ 352–361; Bump, Fraud. Conv. 321, 324. And where a conveyance is made *mala fide,* and the fraud

is participated in by both parties thereto, it is subject to be assailed by creditors, existing or subsequent. But the question whether a subsequent creditor will be entitled, in any particular case, to have a prior conveyance set aside for fraud, must be one of fact, to be determined upon its own peculiar circumstances. Returning to the complaint in this case, it is alleged, in respect to the transfers complained of, "that the real and personal property so conveyed, as aforesaid, constituted all the property, of whatever nature, of the defendant Rogers;" that the conveyances were made with the intent on the part of both Byrnes and Rogers to defraud the creditors of the latter, including Salisbury; that Rogers has remained insolvent; that the transfers were made with the connivance of Byrnes, in trust for Rogers, and with the understanding and agreement between them that the property conveyed should continue to be the property of Rogers, and that the title should be held for him by Byrnes. Assuming the facts stated in the complaint to be true, a case is made entitling plaintiff to equitable relief. The return of the execution unsatisfied, and the averments showing the transfer of all his property, are sufficient to show that Rogers has no other property that can be reached; and the further allegations, above referred to, are sufficient to establish the fact that the conveyances were *mala fide,* and made upon a secret trust for the benefit of the grantor, and that the fraud is a continuing one, participated in by both parties; and as to the plaintiff, as well as the prior creditors of Rogers, the transfers upon this showing may be held void, and the property conveyed may be treated as still belonging to him, and the defendant Byrnes held chargeable as trustee *ex maleficio* for all the creditors. *Dewey* v. *Moyer, supra;* Bump, Fraud. Conv. 326, 327.

The complaint is sufficient, and the order overruling the demurrer is affirmed.