THOMAS WELCH *vs.* MICHAEL BRADLEY, impleaded, etc.

March 30, 1891.

**Fraudulent Conveyance—Evidence.**—Evidence *held* sufficient to sustain a finding that a certain conveyance of real estate was fraudulent as against creditors.

**Same—Conveyance of All his Unexempt Property by Insolvent.**— Where it appears on the part of the plaintiff that an insolvent has voluntarily conveyed all his unexempt property to a member of his family without any consideration, except alleged past services, and under circumstances tending to show that the immediate inducement and motive for the transfer was to place the same beyond the reach of process, a *prima facie* case of fraud is made, requiring a full and satisfactory explanation on the part of the purchaser in respect to the nature of the consideration and the honesty of the transaction.

**Pleading—Waiver of Formal Objections.**—Informality in the statement of facts in a complaint, as by way of recital or argumentatively, may be disregarded if the objection is not taken before trial, where it is manifest that the party objecting could not be misled.

Appeal by defendant Michael Bradley from an order of the district court for Sibley county, *Edson,* J., presiding, refusing a new trial after a trial by the court and judgment ordered for plaintiff.

*Francis Cadwell* and *W. H. Leeman,* for appellant.

*S. & O. Kipp,* for respondent.

VANDERBURGH, J. This action is brought by plaintiff, a judgment creditor of defendant John Bradley, after execution returned unsatisfied against him, to set aside an alleged fraudulent conveyance made by him to defendant Michael Bradley, his son. The liability was incurred before the transfer was made, and the court finds that when it was made the defendant John Bradley was wholly insolvent, and owed large sums of money, and his creditors were pressing their claims for payment; and that, in order to hinder and defraud the plaintiff and his other creditors in the enforcement of their demands, he executed the conveyance in question to defendant Michael Bradley, and that the sole purpose thereof was to cover up and cloud the title to said land, and place the same beyond the reach of creditors.

It is also found that the defendant Michael Bradley was privy to the fraud, and took with notice of the fraudulent purpose of the grantor. The principal question is whether these findings are supported by evidence.

We think it was made clear by the evidence that the defendant John Bradley was insolvent at the time of the conveyance, and the 120-acre tract conveyed was all the property which the grantor had left at the date thereof not exempt from execution; and the evidence was also sufficient to prove that the immediate motive and inducement of the defendant John in making the conveyance to the defendant Michael, as he did, was because of the liability of its being attached and sold, and in order to place the same beyond the reach of his creditors. The defendant John Bradley executed the deed April 3, 1889, and placed it upon record. The defendant Michael was a member of his family at the time, and had no property whatever of his own prior to the execution of the deed. The consideration named in the deed is the sum of $2,000, which is considerably less than the value of the land, which was at the time all ploughed and ready for a crop. The circumstances under which the deed was executed were such as to call for a full and satisfactory explanation on the part of both defendants in respect to the nature of the consideration and the honesty of the transaction. This explanation the defendants attempted to make. We do not deem it, however, sufficient to warrant us in reversing the finding of the trial court. In respect to the consideration the defendant John testifies: "We put the consideration in the deed at $2,000, because I claim his work was worth that for 11 or 12 years, since he became of age." It seems that Michael had lived with his father for the greater part of the time since he was of age, and been supported by him, and had assisted in carrying on the farm as before. He became of age in 1878. The land was bought by John Bradley in 1874, and finally paid for in 1883. He further testified that when he bought the land he promised Michael that he should have it when it was paid for, if he would continue to work and assist in paying for it; and also that he made him a similar promise after he became of age. The defendant Michael denies that there was any

such promise made till he became of age, and says that the promise was then made to him by his father that if he would stay at home and help work the farm, it should be his as soon as the mortgage was paid off, which was done five or six years before the transaction in question. He also gives as a reason why he did not get his deed when the land was paid for, that he had not yet worked 12 years at that time, and he wanted to work a few years longer before he asked for it. On the other hand, there was evidence tending to show, by the defendant Michael's statements and admissions, that the understanding was that he was to have his share of his father's land at the decease of the latter, when the farm was to be divided up. There is also evidence tending to show that the defendant John continued in the possession and the control of this land and its products, subsequent to the deed to Michael, substantially as before. We do not undertake to say that upon the evidence in the case, much of which is conflicting, the conveyance in question is conclusively or beyond any question shown to be fraudulent; but the credibility of the witnesses was for the trial court, as well as the question of the good faith and motives of the parties to the deed, and upon the whole case we think there is sufficient to establish the fraudulent character of the transaction, and to uphold the decision of the trial court.

2. The defendants' counsel objected to the admission of any evidence in the case, on the ground of the insufficiency of the complaint in not alleging the indebtedness upon which the judgment and execution were founded. The allegation is not directly made, and the complaint is informal in that respect; but, as against an objection made after answer, and for the first time at the trial, we think the complaint should be sustained. It sufficiently appears, though in the form of a recital, that the plaintiff was a creditor when the judgment was recovered, and that it was recovered upon a prior indebtedness. *Bruggeman* v. *Hoerr*, 7 Minn. 264, (337.) An amendment would have been proper, but the informality was not such as to mislead.

The alleged error of the court in rejecting or striking out the testimony of the defendant John Bradley as to previous talk or under-

standing in the family in respect to the disposition of this land was cured, because he and other witnesses were afterwards permitted to testify on the subject; and the evidence of O'Donnell, a witness for defendants, as to what the defendant John Bradley told him, was properly rejected.

Order affirmed.