ANTON SOVELL v. COUNTY OF LINCOLN and Another.[1]

May 14, 1915.

Nos. 19,205—(87).

Fraudulent conveyance.

1. A voluntary conveyance of real estate is void as to subsequent creditors

[1] Reported in 152 N. W. 727.

of the grantor, providing it is established that it was actually fraudulent and that the purpose or effect of the conveyance is to defraud such creditors.

**Same — finding sustained by evidence.**

2. The evidence sustains a finding that the conveyance, in this case was actually fraudulent and that its purpose and effect was to defraud a subsequent creditor of the grantor.

Action in the district court for Lincoln county against the county of Lincoln and the sheriff of that county to set aside an execution sale of real estate and to recover $500 deposited with the sheriff. The case was tried before Olsen, J., who made findings and ordered judgment directing the sheriff to pay to the county of Lincoln the sum of $293 and return to plaintiff the balance of the $500 deposited by him. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Gislason & Gislason,* for appellant.

*Louis P. Johnson,* for respondent.

BUNN, J.

This is an action to have declared void an execution sale of land standing in the name of plaintiff on a judgment against plaintiff's wife, in favor of defendant county of Lincoln. The trial court decided that the execution sale was valid and plaintiff appealed from the judgment entered on this decision.

The facts are these: Plaintiff and Katrina Sovell are husband and wife and have been for many years. For upwards of 25 years they have lived together on their farm in Lincoln county, which is the land involved in this action. This land, comprising five quarter sections, was acquired from time to time by the joint industry of plaintiff and his wife, and the deeds were taken in the name of the latter, except in the case of the first 160 acres purchased, which was taken in the name of the plaintiff. In 1890 this 160 acres, which was the homestead, was transferred by plaintiff to his wife. Thereafter the title to this tract, as well as to other tracts purchased, stood in the name of the wife until May 7, 1910, when without consideration she conveyed all the lands to the plaintiff. On May 4, 1910, three days prior to this conveyance, the county board of Lincoln coun-

ty notified plaintiff's wife that her father had, shortly prior to that time, applied to the board for support as a poor person having a settlement in the county, requested and directed her to support her father and notified her that, if she failed to do so and the county furnished the support, it would demand recovery therefor from her. Plaintiff's wife, though able to support her father, declined to do so, and the county thereafter furnished him support as a pauper. Thereafter the county brought an action against plaintiff's wife to recover for the support it had furnished her father, and judgment for $239.90 was entered against her in that action. Execution was issued, delivered to the sheriff and returned by him unsatisfied. In December, 1911, plaintiff, his wife, and their son, through whom the land was conveyed, were examined in supplementary proceedings. In November, 1912, an alias execution was issued and levied upon the land, except 80 acres occupied as a homestead. At the execution sale, the land was bought in by the county for the amount of its judgment, interest and costs, and a certificate of such sale delivered to the purchaser. In May, 1913, plaintiff, under G. S. 1913, § 7947, deposited $500 and a bond with the sheriff to extend and save his right of redemption, and the sheriff executed to plaintiff a certificate of redemption. The present action was then brought, the relief demanded including judgment requiring the sheriff to return the deposit to plaintiff.

The pivotal question in the case was whether the conveyance of May 7, 1910, from plaintiff's wife, through her son, to plaintiff, was void as against Lincoln county, as being made with intent to defraud it. The trial court found as a fact that such intent to defraud existed, and the question on this appeal is whether this finding is sustained by the evidence. If it is, the conclusion necessarily follows that the judgment was a lien on the land and the execution sale valid. If there was no intent to defraud Lincoln county, the conveyance was valid, the judgment not a lien on the land and the execution sale void.

The conveyance was voluntary and wholly without consideration. The lands had stood in the name of the wife for many years, and we are not justified in saying that she had no beneficial interest in them

during this time. In any event the voluntary conveyance to her husband, though valid between the parties, is presumptively fraudulent as to existing creditors of the grantor, and as against subsequent creditors if it is established that there was actual fraud and the purpose or effect of the conveyance is to defraud them. Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831; Williams v. Kemper, 99 Minn. 301, 109 N. W. 242. The county of Lincoln was not an existing creditor of the plaintiff's wife at the time of the conveyance, but if it was her purpose in making the deed to hinder or delay the county in the collection of the claim she knew it would have for its support of her father, the conveyance is void as against the county. We think that the evidence justified the trial court in finding that this was the purpose or intent of plaintiff's wife and that there was actual fraud in the conveyance. In addition to the knowledge conveyed by the written notice served by the county, plaintiff and his wife were both present at the meeting of the county board, and knew that the county would be obliged to support the wife's father and would demand reimbursement from her. It is more than a remarkable coincidence that they immediately arrange for and effect a transfer from the wife of all the lands in her name. Clearly the necessary effect of this transfer, if it be not avoided, will be to defraud the county out of its judgment.

Judgment affirmed.