## W. V. SMALL v. MARY B. ANDERSON.[1]

February 8, 1918.

No. 20,661.

**Homestead — exchange of property to defraud creditors — findings sustained.**

1. A judgment debtor transferred to his wife all his unexempt property, in consideration of a transfer by the wife to him of certain real property which the debtor thereafter claimed as his homestead, and as such exempt from sale on execution; his claim was that the transaction was had for the sole purpose of acquiring a homestead, but the evidence tended to show that the parties then occupied the particular property as a family home, though the title was of record in the wife's name. It is *held*, that the findings of the trial court to the effect that the transaction was entered into by the parties for the purpose of defrauding the creditors of the husband are sustained by the evidence.

**Same — case limited,**

2. The rule stated and applied in Jacoby v. Parkland Distilling Co. 41 Minn. 227, should not be extended to a case where the debtor has existing homestead rights in property standing of record in the wife's name.

**Receiver in supplementary proceedings not entitled to attorney's fee.**

3. A receiver appointed in proceedings supplementary to execution, solely in the interests of a particular creditor, is not entitled to attorney's fees for the prosecution of an action to set aside an alleged fraudulent conveyance of property, where the creditor could have maintained the same action in his own name without resorting to the receivership proceedings.

[1]Reported in 166 N. W. 340.

Action in the district court for Crow Wing county to set aside certain transfers of real and personal property made by N. C. Anderson and subject them to the lien of a judgment, on the ground that the transfers were made with intent to delay and defraud his creditors. The facts are stated in the opinion. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiff together with $85 attorney's fees. From the judgment entered pursuant to the order for judgment, defendant appealed. Modified and affirmed.

*Murphy & Cook,* for appellant.

*Alderman & Clark* and *Charles C. Teare,* for respondent.

BROWN, C. J.

One Marion Cunningham brought suit in the district court of Crow Wing county against N. C. Anderson, and therein on November 18, 1916, recovered a verdict against Anderson for the sum of $800. Judgment was duly rendered upon the verdict on December 28, 1916, and execution thereon was returned unsatisfied. It appears that at the time the verdict was so rendered Anderson was the owner of certain real and personal property, particularly described in the complaint, the value of which in the aggregate exceeded the amount of the verdict and judgment. The property was all unexempt and subject to levy and sale on execution. Soon after the date of the verdict and before the entry of the judgment, namely, on November 24, 1916, Anderson conveyed and transferred all such property to the defendant in this action, who is and was at the time his wife; such conveyance and transfer having been made through a third person acting as intermediary at the request of Anderson. In consideration of such transfer Mrs. Anderson conveyed to Anderson a tract of land then of record in her name and upon which the parties then resided as the family home, and which Anderson thereafter claimed as his homestead, and as exempt from execution sale for his debts.

These facts were developed in proceedings supplementary to execution, as the result of which plaintiff was appointed receiver of Anderson's property and effects, with authority to pursue the property so transferred to defendant, to the end that it might be made available for the payment of the judgment. This action followed.

The complaint set out the facts stated, and in addition thereto alleged that the transfer of the property was made for the purpose of hindering, delaying and defrauding the creditors of Anderson, particularly Cunningham. Defendant by her answer admitted substantially the facts so pleaded, but in defense and justification of the exchange of properties alleged that the purpose of the parties was to secure a family homestead in the name of Anderson, and for no other purpose. The allegations of fraud are denied.

The trial court found that the purpose of the transfer of the property by Anderson was to hinder and defraud his creditors, and to prevent Cunningham from enforcing his judgment against the same; that both Anderson and his wife participated in the fraud. As conclusions of law the transfer was ordered canceled and held for naught, that the Cunningham judgment be declared a lien thereon, and that plaintiff have judgment accordingly, with $85 attorney's fees and the costs of the action.

1. Except as to the findings of the court to the effect that the transfer and exchange of properties as stated in the foregoing outline of the case was made for the purpose of hindering, delaying and defrauding creditors, the facts are not in dispute. It is the contention of defendant that Anderson had the legal right to acquire a homestead by purchasing and paying therefor with his nonexempt property, in the manner here disclosed, and that his creditors are in no position to complain. She relies in support thereof upon the rule stated and applied in Jacoby v. Parkland Distilling Co. 41 Minn. 227, 43 N. W. 52. The contention is not sustained. The facts as found by the trial court do not bring the case within the rule there laid down. The court made no finding to the effect that the exchange of properties was with a view on the part of Anderson of acquiring a homestead for himself and family. The findings are silent upon that feature of the case and there was no motion or other request for specific findings thereon. While there is evidence in the record tending to show that the purpose of Anderson in effecting the exchange of properties was the acquisition of homestead rights in that received from his wife, which, if it stood alone, might be held to conclusively establish the fact contended for and the case disposed of from that viewpoint, yet it is not the only evidence upon

the subject. Other evidence tends to show that at the time of the transaction Anderson had full and complete homestead rights in the particular property so received from his wife. If the trial court had been requested for specific findings upon this feature of the case, it could well have found the existence of full homestead rights in that property, though the title thereof was of record in his wife's name. G. S. 1913, § 6960. The rule of the Jacoby case should not be extended to a case of that kind, and since the evidence is not conclusive in favor of defendant's contention the case must be disposed of upon the theory of the findings, and that the sole purpose of the transaction was to defraud the creditors of Anderson.

2. The complaint demanded and the court allowed to plaintiff an attorney's fee of $85, in addition to the costs and disbursements of the action. Defendant contends that the allowance was without authority and should be eliminated and defendant relieved therefrom. We sustain this contention. In receivership proceedings, prosecuted in behalf of all creditors of an insolvent concern, attorney's fees are usually allowed to the receiver as an item of expense incident to the proceeding. But neither the statute nor rule of the court authorizing such an allowance can have application to a receiver appointed in proceedings supplementary to execution, where the proceeding is had and the receiver appointed in the interests of a particular creditor. In such case the receiver represents the creditor and the reason for the allowance of attorney's fees in the instance stated does not apply. Cunningham, the judgment creditor, could have maintained this action in his own name and a receiver was wholly unnecessary. Jackson v. Holbrook, 36 Minn. 494, 32 N. W. 852, 1 Am. St. 683; Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L.R.A. 865, 94 Am. St. 709. Had he brought the action in his own name the costs and disbursements would have been limited to those of ordinary civil actions, and no attorney's fees could have been included therein. The creditor in such case can impose no greater burden upon the defendant by unnecessarily causing the appointment of a receiver.

The judgment will be modified by striking therefrom the allowance of attorney's fees, and as so modified affirmed.