## KANGAS v. ROBIE.

(Circuit Court of Appeals, Eighth Circuit.   March 1, 1920.)

No. 202.

Bankruptcy ⊙⇒399(3)—Bankrupt not entitled to homestead purchased to defraud creditors.

Where a bankrupt, contrary to his previous practice, in order to accumulate the sum of $13,000, which he placed in a homestead, discontinued his usual custom of making deposits in bank from day to day, and ceased to make further payments on his trade obligations, but retained proceeds of merchandise sold or of bills receivable, and purchased the homestead with nonexempt assets so realized on, and moved his family into the property with intent to defraud his creditors, the homestead exemption must be denied.

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Page Morris, Judge.

In the matter of the bankruptcy of Eli Kangas.   E. G. Robie, trustee of the bankrupt's estate, opposed said bankrupt's claim to property as a homestead exemption, and action of the referee denying the exemption having been approved by the District Court, the bankrupt petitions to revise that order.   Petition dismissed.

O. J. Larson, of Duluth, Minn. (C. A. Marsch, of Portland, Or., and George B. Sjoselius, of Duluth, Minn., on the brief), for petitioner.

Henry G. Middaugh, of Duluth, Minn. (Fred T. Cuthbert, C. W. Stilson, and Hugh J. McClearn, all of Duluth, Minn., on the brief), for respondent.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

LEWIS, District Judge.   This petition asks for revision and reversal of an order of the Court of Bankruptcy denying bankrupt's claim to certain property as his homestead exemption under the laws of Minnesota.   Complying with section .24b of the Bankruptcy Act (Comp. St. §.9608), the petition, with exhibits attached, makes and presents the question or matter of law in this way:   On denial of the claim by the trustee exceptions were taken and the question went to the referee, who heard testimony pro and con and on it found, that the bankrupt was a merchant and obtained the money ($13,000) paid on the purchase price for the property out of that business, and within two weeks after the purchase made an assignment for the benefit of his creditors, who would receive a very small per cent. of their claims if the exemption were allowed; that bankrupt, in order to accumulate the $13,000 discontinued, some weeks before closing the transaction for the purchase of the property, his usual custom of making deposits in bank from day to day, and ceased to make further payments on his trade obligations, as he had theretofore done, but on receiving payments for merchandise sold or on bills receivable would put the proceeds in his safe in the store or retain the currency

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon his person; that the bankrupt made the purchase with non-exempt assets so realized on, and moved his family into the property within one month prior to the filing of the petition against him on which he was adjudged a bankrupt; that

"the said bankrupt acted in bad faith with the corrupt design and intent to cheat and defraud his creditors by attempting to put the money realized from the collection of said accounts, and the sale of said merchandise, beyond the reach of his creditors by claiming that the property purchased with said money was exempt under the laws of the State of Minnesota," and "was a fraudulent attempt on the part of said Kangas to put the money realized from the collection of said accounts, and the sale of said merchandise, beyond the reach of the creditors from whom he received said merchandise on credit by attempting to claim" the purchased property as exempt.

The referee denied the claim of exemption. On certification to the District Judge, he found that the bankrupt

"set out with the corrupt purpose and design of defrauding his creditors; that he purchased the property which he is claiming as a homestead with money derived from the sale of goods which he had obtained on credit from his creditors, which money was much the larger part of his assets; and that he made the purchase, moved into the property, and is now claiming it as a homestead to accomplish that purpose and design."

The District Judge approved the action of the referee.

This is the petitioner's case, and on the facts thus presented as the basis of his right to be heard and obtain here what was denied him by the Bankruptcy Court, he asserts that there was error in the matter of law in denying his claim and refusing to set off the property to him as his homestead; because, he says, the Supreme Court of Minnesota, in construing the state statute, holds that the homestead exemption must be allowed. notwithstanding the fraud, and that this court is bound by that construction of the local statute. He relies on Jacoby v. Parkland Distilling Co., 41 Minn. 227, 43 N. W. 52. The opinion in that case does not support the contention. The court went no further than to announce the general rule which has been expressly recognized by this court in Bank v. Glass, 79 Fed. 706, 25 C. C. A. 151; in Huenergardt v. Dry Goods Co., 116 Fed. 31, 53 C. C. A. 505; in Amundson v. Folsom, 219 Fed. 122, 135 C. C. A. 24, and in Crawford v. Sternberg, 220 Fed. 73, 135 C. C. A. 641, i. e., the right to exemption cannot be denied solely on account of the fact that the purchase price paid, or other property given in exchange for the property claimed as exempt, was, in either contingency, non-exempt, although the necessary result would be that non-exempt property theretofore belonging to the debtor would thus be put beyond the reach of his creditors. Jacoby, while insolvent, moved into and made his dwelling in property constituting a large part of his assets, which he then and for some time theretofore had owned, for the express purpose of holding it as a homestead, and the legal effect of so doing was to withdraw it from the reach of his creditors. There was no charge or claim of actual fraud against him. He had no intention or design of beating his creditors, and was not charged with any fraudulent act to accomplish that end. The court was not called on to consider the effect of conduct of that character on the part of a debtor. It was held that

Jacoby merely put his property into a shape in which it would be the subject of a beneficial provision for himself, which the law recognized and allowed. That he exercised a right which the law gave him, and subject to which everyone had given him credit, and fraud could not be predicated on an act which the law permitted. The case has no application to the facts presented here. The situation which petitioner presents to us is a confession of bad faith on his part, that the purpose with which he took title to the property which he now claims as exempt was to defraud his creditors, and we must decline to give it our approval. We are persuaded that the Supreme Court of Minnesota would also refuse to approve such conduct and make it a basis on which to allow the exemption. That court, in Esty v. Cummings, 75 Minn. 549, 554, 78 N. W. 242, 244, has expressed itself in this language:

"While the homestead right is a valuable one, and the protecting arm of the law should be carefully used in guarding it, it was never intended, and it should never be permitted, to operate as a vehicle for fraud and rank injustice."

See also Small v. Anderson, 139 Minn. 292, 166 N. W. 340. This is in accord with what we held in Huenergardt v. Dry Goods Co., supra, and Amundson v. Folsom, supra. The Court of Bankruptcy did not err in matter of law. The petition must be dismissed at petitioner's cost.

It is so ordered.