## IDA B. RYAN v. HANNAH M. SIMMS AND OTHERS.[1]

### October 29, 1920.

### No. 21,870.

**Conveyance in fraud of creditors — agreement to support grantor — presumption.**

1. The owner of a lot transferred it to her sister by a deed which stated the consideration to be "one dollar and other good and valuable considerations." The deed was attacked by one who was a creditor of the grantor at the time of its execution. The answer of the grantee alleged that her agreement to support the grantor was the other good and valuable consideration mentioned in the deed, and that she had partially per-

1Reported in 179 N. W. 683.

formed the agreement. Plaintiff offered no proof, except the judgment and the testimony of a witness that the grantor had sold her household goods and left this state after making the deed. *Held*, that from the allegations of the answer and the proof offered by plaintiff, the court was not bound to conclude as a matter of law that the deed was a voluntary conveyance which should be presumed to have been made to defraud creditors.

**New trial — admission of letter in evidence.**

2. A new trial will not be ordered for the purpose of admitting a letter in evidence without a showing that its contents were material to the issues.

Action in the district court for Hennepin county to set aside a conveyance by defendant Simms because made in fraud of creditors. The case was tried before Bardwell, J., who made findings and dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Julius E. Miner,* for appellant.

*Frank L. Morrison,* for respondent.

Lees, C.

This is an appeal from an order denying plaintiff's motion for a new trial of an action brought to set aside a conveyance alleged to have been made in fraud of creditors.

One Hannah M. Simms was the owner of a lot in Hennepin county which she conveyed to her sister, the defendant, Eva E. Johnson, by warranty deed dated and recorded October 15, 1917. The consideration named in the deed was "one dollar and other good and valuable considerations." The value of the lot did not exceed $350. At the time of the execution of the deed Mrs. Simms was indebted to plaintiff on a promissory note, upon which judgment was entered and docketed subsequent to the date of the deed.

By her answer, Mrs. Johnson alleged that the "other good and valuable considerations" mentioned in the deed consisted of an agreement on her part to provide a home and do certain other things for her sister during her lifetime, and that, in the performance of the agreement, she had rendered services which were of the value of $200.

At the trial plaintiff proved the judgment and that it was based on an indebtedness which existed when the deed was made, and that Mrs. Simms had sold her household goods and left this state after making the deed. She attempted, but was not allowed, to introduce in evidence certain letters alleged to have been written to plaintiff's attorney by Mrs. Johnson after the commencement of the action. Plaintiff then rested. Defendants offered no evidence, and by its findings the court directed that the action be dismissed.

1. Plaintiff's first contention is that it conclusively appears from the answer that the deed was made in consideration of future support to be furnished by the grantee to the grantor, and that, therefore, the deed is presumptively fraudulent and void.

With reference to transfers made in consideration of future support this court said in Henry v. Hinman, 25 Minn. 199, that a transfer by a debtor to a relative of all the debtor's property which could be reached by execution in the county where he lived, upon the nominal consideration of one dollar and the actual consideration of a promise to support him while he lived, in the absence of proof of other property left to satisfy creditors, would be presumed to have been made with an intent to defraud creditors, and that the presumption could only be overcome by strong evidence.

In Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621, the rule was stated as follows:

A voluntary transfer of his property made by an insolvent debtor upon the consideration of a promise of future support is prima facie evidence of a fraudulent intent.

In Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818, it was said that, if the debtor retains property sufficient for the payment of all his debts, he has a right in good faith to provide for his future support by a conveyance of a portion of his property, but if, in fact, the conveyance is made to defraud creditors, it is void as to them, although other property was retained sufficient to pay the debts.

In McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589, there was an agreement by the grantees to provide and maintain a home for the grantor on the premises conveyed, and the deed was to remain in effect only so long as the agreement was faithfully observed. It was held that the

deed showed on its face that it was not intended to be absolute, since it was conditioned on performance of the agreement, and that it was prima facie a voluntary conveyance and void as to creditors.

These are the only cases in which this court has directly considered transfers made by a debtor in consideration of his future support when such transfers were attacked by creditors.

If a transfer in consideration of future support is to be regarded as a voluntary transfer, its effect is to be determined under sections 7015 and 7016, G. S. 1913. The statute declares that no conveyance shall be adjudged fraudulent as against creditors' solely on the ground that it was not founded on a valuable consideration. The application of the statute was considered in Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831, where it was said that "voluntary conveyances by an embarrassed debtor are prima facie fraudulent as to pre-existing creditors." In Underleak v. Scott, 117 Minn. 136, 134 N. W. 731, the statement was made that "a voluntary conveyance is presumptively fraudulent as to existing creditors," and the statement was repeated in Sovell v. County of Lincoln, 129 Minn. 356, 358, 152 N. W. 727, while in Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958, Ann. Cas. 1917C, 1015, the rule was thus stated:

"It is well settled that where a debtor makes a conveyance without consideration and without retaining sufficient other property to pay his then existing debts, such conveyance may be set aside by his creditors to the extent necessary to enable them to apply the unexempt property so conveyed in payment of such previously existing debts."

It is doubtful whether a conveyance made upon an agreement for the future support of the grantor is voluntary. In Bump, Fraud. Con. §§ 199 and 200, the law is stated as follows: An agreement by the grantee in a deed to support the grantor is a valuable consideration, though not sufficient to uphold the transfer if the grantor is insolvent.

Such is the doctrine of Moritz v. Hoffman, 35 Ill. 553, 8 N. E. 315; Faloon v. McIntyre, 118 Ill. 292, 8 N. E. 315, and Hapgood v. Fisher, 34 Me. 407, 56 Am. Dec. 663. It is generally held that where support has been furnished in good faith it becomes a valuable consideration, and the conveyance will not be set aside in the absence of a showing that it was made with fraudulent intent of which the grantee had notice. Until the support is furnished the conveyance has the infirmity of being

voluntary, but it may be validated by the subsequent performance of the agreement to support. Kelsey v. Kelley, 63 Vt. 41, 22 Atl. 597, 13 L.R.A. 640; Willis v. Thompson, 93 Ind. 62; Hays v. Montgomery, 118 Ind. 91, 20 N. E. 646; Walker v. Cady, 106 Mich. 21, 63 N. W. 1005; Harris v. Brink, 100 Iowa, 366, 69 N. W. 684, 62 Am. St. 578.

The fact that the conveyance was made in consideration of promised future support appears solely from Mrs. Johnson's answer. Plaintiff asserts that she had a right to rely on the answer as an admission made in the course of a judicial proceeding which would be binding upon the pleader. Siebert v. Leonard, 21 Minn. 442; Vogel v. D. M. Osborne & Co. 32 Minn. 167, 20 N. W. 129; Humphrey v. Monida & U. S. Co. 115 Minn. 18, 131 N. W. 498; 2 Wigmore, Ev. § 1064; Jones, Ev. § 272. Assuming without deciding that, notwithstanding the denials in her reply, she had such right, nevertheless, if she desired to avail herself of admissions in the answer, she was bound to accept them in their entirety. She could not select a portion of the answer as an admission in her favor and reject another portion which qualified or explained it. 22 C. J. § 372, p. 332. After stating that future support was the consideration, the answer proceeds to allege part performance of the agreement to furnish such support and the expenditure of a sum equal to more than half the value of the lot. The case then falls within the rule above stated relating to the effect of performance of an agreement to support.

The situation presented by the record is this: It does not appear that Mrs. Simms was either insolvent or financially embarrassed when she made the deed. There is no proof that she actually intended to hinder or defraud her creditors. It was not shown that she transferred all her property in Hennepin county which could have been reached by execution, or that she did not retain other property sufficient to pay her debts. The conveyance to her sister was not purely voluntary, for she received an agreement for support, which has been partially performed. For these reasons plaintiff is not in a position to take advantage of the presumption attaching to a voluntary conveyance when made by an embarrassed debtor. There was, therefore, no error in the dismissal of the action for failure of proof.

2. We think plaintiff sufficiently identified the letter received by her

counsel as a letter written by Mrs. Johnson, and that it should not have been excluded on the ground that a sufficient foundation for its admission in evidence had not been laid, but neither this letter nor another referred to in appellant's brief has been included in or made part of the settled case or returned to this court. There is nothing in the record to show the nature of the contents of the letters. For aught that appears they may relate wholly to immaterial matters. A new trial will not be ordered for the purpose of admitting a letter in evidence without a showing that its contents were material to the issues. State v. Nelson, 91 Minn. 143-148, 97 N. W. 652.

We find no error entitling plaintiff to a reversal. The order appealed from is, therefore, affirmed.