### FLETCHER v. KENNEDY.

(Circuit Court of Appeals, Eighth Circuit. July 11, 1922.)

No. 221.

1. **Courts ⬥366(19)—Determination of homestead exemption rights governed by statutes and decisions of states.**

The determination of homestead exemption rights in the federal courts is governed by the statutes and decisions of the states.

2. **Bankruptcy ⬥399(1)—Bankrupt's representations before bankruptcy held not to estop him from claiming property exempt as homestead.**

Where property was selected by the bankrupt, with the intention of exempting and using it as a homestead, and the property possessed all of the qualifications of a homestead under the state statutes, the bankrupt was not estopped to claim such property as a homestead by the fact that he had, before bankruptcy, designated other property as his homestead in financial statements, and had procured credit on statements that property sought to be exempted in bankruptcy was not so claimed, where his wife had not joined in such representations.

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Petition in bankruptcy by Clark R. Fletcher, trustee in bankruptcy of James J. Kennedy, bankrupt, against James J. Kennedy, bankrupt, to revise an order of the District Court setting aside certain property of the bankrupt as an exempted homestead. Petition denied.

Harold W. Cox, of Minneapolis, Minn., for petitioner.

D. E. La Belle, of Minneapolis, Minn., for respondent.

Lancaster, Simpson, Junell & Dorsey, of Minneapolis, Minn., for Chamber of Commerce Clearing Ass'n.

McDowell & Fosseen, Thompson, Hessian & Fletcher, John Nordin and Allen & Fletcher, all of Minneapolis, Minn., amici curiæ.

Before STONE, Circuit Judge, and TRIEBER and MUNGER, District Judges.

STONE, Circuit Judge. [1, 2] This is a petition to revise an order setting aside certain property of a bankrupt as an exempted home-

stead. There is no question that the property possesses all of the qualifications, under the Minnesota statutes, of a homestead, nor that it was selected by the bankrupt with the intention of exempting and using it as such. The petition is based upon the theory of an estoppel to claim this particular property as a homestead because the bankrupt had theretofore (before bankruptcy) designated other property as his homestead in financial statements, and had procured credit upon such statements that this property was not so claimed. The determination of homestead exemption rights is, in the federal courts, governed by the statutes and decisions of the states. 18 Cyc. 1458, and note, citing In re Duffy (D. C.) 118 Fed. 926, and Naumburg v. Hyatt (C. C.) 24 Fed. 898.

The debtor lives and this property is situated in Minnesota. Equitable estoppel, to defeat the homestead exemption, may sometimes be available. 13 R. C. L. 662; 18 Cyc. 1456. Also see 11 R. C. L. 541, § 57, and 21 Cyc. 486, par. 9. But in Minnesota the estoppel must extend to both the husband and wife. Law v. Butler, 44 Minn. 482, 47 N. W. 53, 9 L. R. A. 856; 13 R. C. L. 662. There is no claim here that the wife was a party to the above representations made by the bankrupt to obtain credit, or that she had any knowledge thereof. Nor do such statements operate as an estoppel against the bankrupt himself. Jacoby v. Parkland Distilling Co., 41 Minn. 227, 43 N. W. 52. Also see In re Ziff (D. C.) 225 Fed. 323. The case of Small v. Anderson, 139 Minn. 292, 166 N. W. 340, has not modified the Jacoby Case, and is not here applicable, because the intent of the bankrupt here was to exempt and occupy the property as a homestead, and not, as in the Small Case, to defraud creditors through the guise of a homestead exemption. The case of Kangas v. Robie, 264 Fed. 92, in this court, followed the Small Case for the same reasons. Other cases, in this court, bearing upon the matter, are Huenergardt v. Brittain Dry Goods Co., 116 Fed. 31, 53 C. C. A. 505; Bank v. Glass, 79 Fed. 706, 25 C. C. A. 151; In re Irvin, 120 Fed. 733, 57 C. C. A. 147; and Crawford v. Sternberg, 220 Fed. 73, 135 C. C. A. 641.

The petition to revise should be and is denied.

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes