ERNEST ROSENBERGER v. CHARLES GERMO AND OTHERS.[1]

September 25, 1925.

No. 24,767.

**Findings sustained that deed was not made with intent to delay or defraud creditors.**

1. The evidence sustains the findings of the trial court to the effect that, at the time of the execution and recording of the deed in question, the grantor therein was solvent; that it was not made with intent to hinder, delay or defraud creditors; that it was made for a valuable consideration, and that the grantee, therein named, did not know that said grantor was then indebted to any party whatsoever.

**No abuse of discretion in denial of new trial.**

2. There was no abuse of discretion in the denial of plaintiff's motion for a new trial upon the ground of newly discovered evidence.

1. See Fraudulent Conveyances, 27 C. J. p. 821, § 770.
2. See New Trial, 29 Cyc. p. 1009.

Action in the district court for Red Lake county to set aside a deed. The case was tried before Watts, J., who ordered judgment dismissing the action. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

[1]Reported in 205 N. W. 218.

*H. L. & J. W. Schmitt & H. W. Volk,* for appellant.
*James H. Hall,* for respondents.

QUINN, J.

This action was brought, in June, 1923, to set aside a deed to 165 acres of land in Red Lake county, executed by the defendants, Charles Germo and Florence Germo, his wife, to Mary Germo, dated December 1, 1921, and recorded in the office of the register of deeds of said county on December 31, 1921, upon the ground that the same was made with intent to hinder, delay and defraud the creditors of said Charles Germo, including the plaintiff. The answer admitted the conveyance, but alleged that it was made in good faith, for a valuable consideration, and that the defendant, Mary Germo, received the conveyance in good faith and without any knowledge of any indebtedness from the defendant, Charles Germo, to plaintiff. The answer also contained a general denial. The reply was a general denial. The issues were tried to the court and an order for judgment, in favor of the defendants, was made and filed. The plaintiff moved for amended findings or for a new trial, and appealed from an order denying his motion.

The principal question presented is as to the sufficiency of the evidence to sustain the decision of the trial court. The material facts, as shown by the proofs, are as follows: In 1921 and 1922, the defendant, Charles Germo, was a practicing physician and surgeon, residing at Balaton, Lyon county. He was also president of the First State Bank of Balaton. In January, 1921, he and three others, on behalf of the bank, executed their promissory note for $2,000, to the plaintiff, payable the following June, with interest. When the note became due it was renewed for 6 months, maturing on January 6, 1922. During the following October, suit was brought upon the note, and judgment was entered against Germo. The judgment was docketed in Lyon county on December 6, 1922, execution issued and returned, wholly unsatisfied, on March 1, 1923.

Title to the land in question stood in the name of Charles Germo and, on December 1, 1921, his wife joining, he deeded the same to his sister, Mary Germo, one of the defendants in this action. The deed was recorded, in the proper office, on December 31, 1921. Dr. Germo had no debts of his own at the time of the conveyance, nor was the note due. The bank was, at that time, a running concern. After the conveyance was made, he leased the farm and received less than $50 as rent therefrom, which was applied in part payment of taxes. There was no money passed between him and his sister at the time of the transfer.

The sister's deposition was taken and read in evidence by the plaintiff. While her testimony was vague and uncertain, it indicated the element of veracity. She testified that she did not know, at the time, the deed was executed; that it was not delivered to her, and that she knew nothing about it until after it was recorded; that she and her brother had some money transactions, and that he wrote her about the deed, but she had thrown the letter away and had forgotten its contents. The doctor testified, in effect, that, when their father's farm in Blue Earth county was sold, after his death, the sister's portion was turned over to him, and, with it, he purchased the land in question for her, taking title in himself, and that it was for this reason only that he deeded the land to her, and that he had never owned any interest in the farm.

The court found, as matters of fact, that, neither at the time of the execution of the deed nor at the time it was recorded, was the defendant Charles Germo insolvent, but that he was insolvent at the time plaintiff recovered judgment against him; that the conveyance was not made with intent to hinder, delay or defraud creditors, but was made voluntarily and without any other consideration than $100, which Charles Germo was then owing to his sister, Mary Germo, and that, at the time, the latter did not know that Charles Germo was indebted to any party whatsoever.

Under the proofs, as contained in the record, the trial court was clearly right in its findings and conclusions, nor do we think there was any abuse of discretion in the denial of plaintiff's motion for a new trial upon the ground of newly discovered evidence.

Affirmed.