# H. A. STRICKER v. EARL TRULLINGER AND OTHERS.[1]

November 10, 1927.

No. 26,248.

**Moving upon a tract of land for purpose of claiming a homestead not a fraudulent disposition of it within attachment statute.**

Neither the fact that at the time of the attachment the defendants were in the act of moving upon a tract of land owned by them in Cottonwood county, for the purpose of making the same their statutory homestead, nor the fact that more than a year prior to the attachment the defendants had offered and attempted to reconvey a tract of land in Pine county to the creditor in satisfaction of the note sued upon, which was given for part of the purchase price of said land, constitute any fraudulent disposition or attempt to dispose of the property so as to justify the issuance of an attachment, there being no showing of any extrinsic facts or circumstances indicating express fraudulent intent.

Attachment, 6 C. J. p. 55 n. 17.

[1]Reported in 216 N. W. 231.

Plaintiff appealed from an order of the district court for Cotton-
wood county, Nelson, J., dissolving a, writ of attachment.    Affirmed.
N. L. Glover, for appellant.
Finstad & Juhnke, for respondents.

PER CURIAM.

An attachment was issued in this case on an affidavit, alleging
as grounds therefor that the defendants "have assigned, secreted
and disposed of their property and are about to do so with intent to
delay and defraud their creditors."    Defendants moved to vacate
the attachment on the ground that the affidavit was untrue, and by
proper affidavits denied any fraud or fraudulent intent.

Plaintiff, in support of the attachment, presented an affidavit by
the original debtor, stating that the defendants were in the act of
moving upon the tract of land in Cottonwood county owned by
them for the purpose of making said land their statutory home-
stead and exempt from the claim of creditors, and stating in general
terms that this was being done for the purpose of defrauding cred-
itors.    The affidavit further states that something over a year be-
fore the action was commenced the defendants attempted to re-
convey the land in Pine county, for the purchase price of which the
note in suit was given, for the purpose of merging and satisfying
the debt, and that this was done with fraudulent intent.

The suit is brought upon a promissory note which was given for
part of the purchase price of a tract of land in Pine county and is
secured by a second mortgage upon that land.    The record does
not show any extrinsic facts or circumstances indicating fraudulent
intent on the part of the defendants.    The district court granted
the motion to vacate the attachment.

The fact that defendants were about to move on a tract of land
owned by them, for the purpose of claiming and holding the same
as their statutory homestead, was an entirely lawful undertaking on
their part and, where no further facts are shown tending to estab-
lish actual fraud, it cannot be held to be a fraudulent disposition
of property under our attachment law.    See cases of Jacoby v.

Parkland Distilling Co. 41 Minn. 227, 43 N. W. 52, and Forsberg v. Security State Bank (C. C. A.) 15 F. (2d) 499, 49 A. L. R. 913, and note to Ferguson v. Little Rock Tr. Co. Ann. Cas. 1913A, 960, 964. Neither can we hold that the act of defendants in attempting to induce the creditor to accept a reconveyance of the Pine county land in satisfaction of the debt, the creditor having refused to accept such reconveyance, constitutes a fraudulent disposition of property.

Order affirmed.