ANNA KRAY AND OTHERS v. FREERK G. PETERSEN AND OTHERS.[1]

May 8, 1936.

No. 30,858.

John E. Regan, for appellants.
Fosnes & Rolloff, for respondents.

HOLT, JUSTICE.

Action to declare a real estate mortgage given by defendants Freerk G. Petersen and wife to the other defendants, their children, void or subordinate to a judgment held by plaintiffs against Freerk G. Petersen. There were findings in favor of defendants, upon which judgment was entered, from which plaintiffs appeal.

The only proposition plaintiffs can raise upon this appeal is that the evidence does not sustain the finding that the mortgage executed and duly recorded on May 22, 1934, by defendants Freerk

[1]Reported in 267 N. W. 144.

G. Petersen and wife, upon certain real estate in Chippewa county, this state, to the other defendants, to secure the several promissory notes delivered to them by the mortgagors, aggregating the sum of $7,237, "was given for a good, sufficient, valuable and adequate consideration." Plaintiffs' judgment was entered in an action pending in Chippewa county against Freerk G. Petersen on February 7, 1935, for $1,954.20, no part of which has been paid. The judgment was for defaulted interest upon a contract for the purchase of 160 acres of land not covered by the mortgage. The contract was made in 1920.

The defendants Freerk G. Petersen and wife have for years resided in Chippewa county and have been extensive farmers. They have there reared a large family. The father and mother needed the help of the children, and it was a standing offer of the father that he would pay $300 a year to each son who would remain with him after attaining his majority and assist in his farming operations, and $100 a year to each daughter who would remain and work after becoming 18 years of age. That this was the agreement between the father and the children was testified to by every party to the mortgage, and there was no testimony to the contrary. The father frankly admitted that the mortgage was given to protect the children as against plaintiffs' anticipated judgment. The children also admitted they knew of the land contract between plaintiffs and their father and that he had been unable to meet the payments therein required. So there was no doubt that the mortgage was intended as a preference. But that does not prove that it was fraudulent or void as to plaintiffs' judgment. The burden of proving fraud was on plaintiffs. Obtaining security for a bona fide indebtedness is not a fraudulent transaction. There are no allegations in the complaint nor any proof that the giving of the mortgage rendered the mortgagors insolvent. The fact that an execution issued on the judgment was returned unsatisfied April 22, 1935, is not sufficient to establish that the giving of this mortgage on May 22, 1934, rendered Freerk G. Petersen insolvent. The evidence was such as to convince the experienced trial court that Freerk G. Petersen was lawfully indebted to each child for the amount of the promissory note de-

livered to such child and secured by the mortgage in question, and that such indebtedness was for labor performed under the contract above mentioned. Some of the children had been paid in part, and some had received nothing. One son had been paid in full and has no interest in the mortgage. Plaintiffs cite Welch v. Bradley, 45 Minn. 540, 48 N. W. 440; Shea v. Hynes, 89 Minn. 423, 95 N. W. 214; Underleak v. Scott, 117 Minn. 136, 134 N. W. 731; National Citizens Bank v. McKinley, 129 Minn. 481, 152 N. W. 879; Rosenberger v. Germo, 164 Minn. 350, 205 N. W. 218. In the Bradley case the trial court's finding that the conveyance of the land by the father to his son was made and received to defraud the father's creditors was sustained. But it was not intimated that a finding to the contrary would not have been upheld. In each of the other cases cited the trial court's finding that the transfer was not in fraud of creditors was not disturbed, though vigorously assailed. The law applicable to the facts of the instant case is recognized in every decision, *viz.*, payment of an honest debt is not fraudulent under the general statutes against fraudulent conveyances, although it operates as a preference, the rule being that such preference by an insolvent debtor can be avoided only under the bankruptcy law; the burden of proof is upon the one who asserts the transfer to be fraudulent; a conveyance or transfer from parents to children is presumed to be valid; and a creditor may not avoid even a voluntary conveyance unless it be shown that, when made, the grantor was thereby rendered insolvent. A case involving much the same proposition as the one before us is State Bank of Gibbon v. Fassbender, 164 Minn. 317, 321, 204 N. W. 953, 954. There the court states: "The law presumes that the transfer to the children was valid and plaintiff had the burden of proving that it was invalid," and several cases are cited in support of the statement. To these cases may be added the following sustaining the decision of the trial court: Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958, Ann. Cas. 1917C, 1015; Petersdorf v. Malz, 136 Minn. 374, 162 N. W. 474; Watson v. Goldstein, 174 Minn. 423, 219 N. W. 550; Skinner v. Overend, 190 Minn. 456, 252 N. W. 418.

Judgment affirmed.